By the Court.
 

 The questions of law presented to this court are stated by the relator to be “whether the council of the city of Columbus shall be compelled to submit said ordinance No. 658-47 to the electors of the city of Columbus at the regular primary election to be held May 4, 1948,” and' “whether the holding of an election on May 4 is a specific duty enjoined upon the council of the city of Columbus by the charter of said city.”
 

 It is the contention of the relator that “in the case at bar the selection of another date with its entailed additional expense is such an abuse of discretion that it is tantamount to the failure to exercise any discretion. ’ ’
 

 The principle is well established that a general de
 
 *384
 
 murrer searches the record; hence the demurrer first tests the sufficiency of the allegations of the petition to warrant the issuance of a writ of mandamus.
 

 The Charter of the city of Columbus enjoins upon the council a duty to hold the election “not less than 60 days” after the action of council finding the petition to be sufficient.
 

 No time limit having been fixed by charter except the requirement that the election should not be less than 60 days after the action of the council, respondents argue that the framers of the charter intended to, and did, leave the question of the time of holding the election to the city council. It is conceded that mandamus will not lie unless there has been a clear abuse of discretion.
 

 It is well settled that “the lawful discretion vested in an individual, officer, or corporation cannot be destroyed, controlled or limited by the writ of mandamus.” 25 Ohio Jurisprudence, 1003, Section 28.
 

 In the case of
 
 State, ex rel. Armstrong,
 
 v.
 
 Davey, Governor,
 
 130 Ohio St., 160, 198 N. E., 180, this'court, quoting from another case, said:
 

 “ ‘Courts on suitable occasions will apply the spur of mandamus to put the discretion of * * * officers in motion, yet after that discretion has been exercised, * * * no matter in what way, the mandatory authority to compel the doing of the particular act prayed for is at an end. * * * Whenever an element, shred or degree of discretion enters into the duty to be performed, the functions of mandatory authority are shorn of their customary potency and become powerless to dictate terms to that discretion. Were the rule otherwise, instead of officers discharging their duties in accordance with their own official discretion, that of a court would be substituted.’ ”
 

 In the
 
 Armstrong case, supra,
 
 a petition was filed
 
 *385
 
 in this court on August 16, 1935, seeking a writ of mandamus to .require the Governor of Ohio to call an election to fill the vacancy caused by the death of a Bepresentative-at-large of the state of Ohio. On August 19, 1935, following the service of the writ, the Governor issued a proclamation for an election and fixed May 12, 1936, as the date for holding a special primary election to nominate candidates and November 3, 1936, as a date .for holding a special election to fill such vacancy. A demurrer to an answer setting up such defense presented the question, “whether the respondent has committed such an abuse of his discretion as to warrant this court to intervene by writ of mandamus.”
 

 Just as in the Charter of the city of Columbus, the statutes under which the Governor had acted prescribed no time limit for the election but left that question to be determined and fixed by the Governor in the exercise of his discretion. This court held in the
 
 Armstrong case
 
 that the action of the Governor in fixing the date of the election, which was more than a year after the date of the filing of the petition in mandamus, was not an abuse of discretion, and refused to issue a writ of mandamus.
 

 In the instant case, the date of the election is set at less than five months after the action of the council, and this court cannot say as a matter of law that such action constitutes an abuse of discretion. Neither can this court say that the action of council in holding a separate special election constitutes an abuse of discretion or is in anywise invalid.
 

 No duty being specially enjoined upon the respondents to hold the referendum election on ordinance No. 658-47 on May 4, 1948, the council of the city of Columbus did not abuse its discretion in selecting June 8,1948, as the date for such election.
 

 
 *386
 
 The petition does not state facts warranting the issuance of a writ of mandamus.
 

 It follows that the demurrer should be, and hereby is, sustained as to the petition, and the writ is denied.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur. '