THE STATE OF OHIO, APPELLEE, *v.*
SMITH, APPELLANT.

(No. 82AP-476—Decided November 16, 1982.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Messrs. Thompson, Swope, Burns & Biswas* and *Mr. Richard F. Swope,* for appellant.

NORRIS, J. On April 27, 1982, when he was nineteen years of age, defendant-appellant, Michael S. Smith, entered a plea of guilty to a charge of robbery. He had been convicted previously of a felony and had been sentenced to serve an indefinite term of imprisonment in the state reformatory and, after serving the time prescribed by law, had been granted "shock" probation. The trial court reinstated the sentence of incarceration on the previous conviction, sentenced defendant to an indefinite term of imprisonment of from three to fifteen years on the robbery conviction, and ordered the sentences served consecutively in a penitentiary.

In this appeal, defendant contends that the trial court erred in not sentencing him to the reformatory.

Several provisions of the Revised Code are relevant to our resolution of the appeal:

R.C. 5143.03 (sentence to reformatory) states in part:

"Male persons between the ages of sixteen and twenty-one years convicted of a felony shall be sentenced to the reformatory instead of the penitentiary, if such males have not been known previously to have served a sentence in a * * * correctional institution for conviction of a felony."

R.C. 2947.061 (probation after serving thirty days of sentence; hearing) states in part:

"* * * [T]he trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines * * *."

Defendant argues that he did not serve a sentence in a correctional institution since he was placed on "shock" probation pursuant to R.C. 2947.061.

Defendant's assignment of error is not well-taken.

The question before us is not whether serving any part of a sentence of incarceration satisfies the specification of R.C. 5143.03 concerning having served a sentence in a correctional institution. Indeed, we have held that a youthful defendant's having been incarcerated in the reformatory on a temporary basis for several weeks following his conviction on one count of an indictment and while awaiting trial on the second count, will

not warrant his being sentenced to incarceration in a penitentiary when he is convicted on the other count. *State* v. *Davis* (Nov. 23, 1976), Franklin App. No. 76AP-395, unreported.

Here, defendant did serve a sentence of incarceration in a correctional institution. He was sentenced to serve an indefinite term of from one to five years and, under Ohio's statutory scheme of indefinite sentencing, that sentence of incarceration was subject to modification by "shock" probation granted pursuant to a motion filed not earlier than thirty, nor later than sixty days, after he was delivered into the custody of the institution. The same result would hold had the period of defendant's actual incarceration been shortened pursuant to "shock" parole or parole. In each instance, the offender would have served his modified sentence. A holding that a convicted youthful offender must serve the entire period of incarceration called for by the minimum range of his indefinite sentence before he has "served a sentence" under R.C. 5143.03, could discourage granting early release from actual incarceration to youthful offenders, and certainly would run counter to the state's purpose in maintaining reformatories for youthful offenders:

"It is the purpose of reformatories to separate those prisoners from older prisoners and multiple offenders who could exert harmful influences on a youth committed for the first time. Typically, reformatories place greater emphasis on rehabilitation than do penitentiaries, and less emphasis on discipline and punishment. * * *

"It is the clear intent of the statutory scheme for correction to provide different treatment for youthful first offenders with regard to the conditions of confinement. * * *" *State, ex rel. McKee,* v. *Cooper* (1974), 40 Ohio St. 2d 65, at 71 [69 O.O.2d 396].

We conclude that defendant had previously served a sentence in a correctional institution within the contemplation of R.C. 5143.03, and that the trial court properly sentenced him on the robbery conviction to serve his sentence of incarceration in a penitentiary.

The assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and STRAUSBAUGH, J., concur.

WHITESIDE, P.J., concurring. Although I concur in the dicta in the majority opinion and in the judgment, I would affirm because there can be no prejudicial error resulting from an erroneous sentence to the penitentiary in light of R.C. 2967.20, which provides that:

"If a prisoner is sentenced to the penitentiary or the reformatory who is not legally eligible for admission thereto, the warden or superintendent of said institution shall receive said prisoner and shall forthwith recommend to the department of rehabilitation and correction the transfer of said prisoner to the proper institution. * * *"

Here, the issue raised is whether defendant was eligible to be sentenced to the penitentiary. As this court indicated in *State* v. *Ford* (Dec. 4, 1979), Franklin App. No. 79AP-396, unreported, this issue is to be determined administratively pursuant to R.C. 2967.20, subsequent to any determination by the trial court or this court on appeal. Where the trial court has an option as to institutions, an issue may arise as to abuse of discretion. In this case, however, the issue is one of eligibility pursuant to R.C. 2967.20 and 5143.03.

For this reason, I concur in the judgment but feel the issue of eligibility is not conclusively before us since the trial court's determination is not final.