THE STATE OF OHIO, APPELLEE, *v.* EDWARDS, APPELLANT.

(Nos. C-860077 and -860078—Decided August 13, 1986.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *James Applegate* and *Judith A. Mullen,* for appellee.

*Cissell, Smith, Farrish & Stanceu* and *Timothy A. Smith,* for appellant.

BLACK, J. The principal issue raised in this appeal is whether a court has discretion under R.C. 5143.03 to sentence a male between the ages of twenty-one and thirty years to a reformatory rather than a penitentiary if he has previously been sentenced to a term in the reformatory but has been held in the county jail pending transportation to the reformatory. We hold that under these circumstances the convicted male has begun to serve a sentence in a correctional institution, and that the statute gives the court no discretion to sentence him to a reformatory but only to a penitentiary.

Defendant Kennie G. Edwards appeals from multiple sentences imposed under two indictments for offenses for which he had pleaded guilty on January 6, 1986, as follows:

(1) Indictment B-853351, issued October 3, 1985 (Appeal No. C-860078), charged Edwards with three counts of aggravated robbery and two counts of kidnapping; each of the five counts was accompanied by a specification that Edwards had a firearm on his person or under his control while committing the offense described in that count. Edwards pleaded guilty to two counts of aggravated robbery and the two accompanying firearm specifications.

(2) Indictment B-853546, issued October 10, 1985 (Appeal No. C-860077), charged Edwards with one count of aggravated robbery accompanied by a firearm specification and one count of theft of a motor vehicle. Edwards pleaded guilty to both counts and the firearm specification.

On the date of the guilty plea, defendant was being held in the Hamilton County Jail under a one-year sentence to the reformatory for receiving stolen property that had been imposed by the same trial court on November 4, 1985 (case No. B-852341). It appears that he had not been transported to the reformatory but was being held in the county jail by reason of the pending indictments.

On January 6, 1986, Edwards's defense counsel and the prosecutor presented to the court a negotiated plea bargain, whereby Edwards would plead guilty to all the charges of the October 10 indictment and to two of the aggravated robbery charges and accompanying firearm specifications of the October 3 indictment, in return for dismissal of the remaining three counts of the October 3 indictment. The bargain included an agreement that the sentence would run concurrently with Edwards's reformatory sentence.

After the presentation of the terms of the plea bargain, the court questioned Edwards about the voluntariness of his plea. The prosecutor then recited the facts of the offenses remaining before the court. At that point, the court questioned Edwards extensively about his understanding of the guilty pleas, of the rights he was waiving, of the possible sentences and fines and about the voluntariness of his plea. The court then asked defense counsel for his statement in mitigation,

after which the court heard a brief statement by Edwards.

Before the court passed sentence, defense counsel requested that the sentence imposed be to the reformatory, and the court responded, as follows:

"MR. GAINES [defense counsel]: Judge, when we were last here, I believe that was the 4th of November, the Court did sentence him on the receiving charge. Though he is under that sentence to the reformatory, previously imposed sentence, we would ask the Court and make the request that this sentence be served in the reformatory.

"THE COURT: I really don't think I have a choice in that matter. Having sentenced him on one prior occasion to this occasion, I think it must be penitentiary. Did you have any feeling?

"MR. APPLEGATE [prosecutor]: That's my understanding, Judge. Once he's been sentenced to hard time, he has to go to the pen the second time.

"MR. GAINES: I would make the request based upon the fact that at all times he's been here in the Hamilton County jail, has not yet been submitted to the custody of the reformatory. We make the request of record and of the Court."

The court then sentenced Edwards to the penitentiary for a minimum term of five years' actual confinement and a maximum term of twenty-five years on each aggravated robbery and a term of two years for theft, all to run concurrently with each other and concurrently with the one-year sentence under B-852341, as well as three years of actual confinement on each of the three firearm specifications, each of which was to run consecutively to all other sentences.

In the one and only assignment of error presented by appellate counsel, appellant alleges that, under R.C. 5143.03, the court had a choice of sentencing him either to the reformatory or to the penitentiary, but that the court erroneously thought it had no choice and thus failed to exercise the discretion available to it under the statute. He relies on *State* v. *Simmons* (Dec. 16, 1981), Hamilton App. No. C-810081, unreported, where this court differentiated between "reaching a particular result in the exercise of discretion, and reaching a similar result because discretion was erroneously thought not to exist." He argues that in this case discretion did exist under the statute and thus the case should be remanded, as was done in *Simmons,* to afford the trial court the opportunity to exercise that discretion. We do not agree.

R.C. 5143.03 provides in pertinent part:

"Male persons between the ages of twenty-one and thirty years may be sentenced to the reformatory instead of the penitentiary, if such males have not been known previously to have served a sentence in a federal, state, or other prison or correctional institution and if the court passing sentence deems them amenable to reformatory methods."

The statute gives the court an option to send a convicted male aged twenty-one to thirty to the reformatory, provided that the court is not aware that the offender has previously "served a sentence" in a prison or correctional institution. Edwards argues that he had not served his previous reformatory sentence for purposes of this provision, because he was being held in the local jail and had not yet been delivered to the reformatory. We hold that any period of incarceration following imposition of a sentence constitutes the serving of that sentence for the purposes of R.C. 5143.03.

The function of reformatories is to separate youthful first offenders from the potentially harmful influences of

older and repeat offenders. *State, ex rel. McKee,* v. *Cooper* (1974), 40 Ohio St. 2d 65, 71, 69 O.O. 2d 396, 399, 320 N.E. 2d 286, 290. The background of the instant case reveals that Edwards was already a repeat offender and for that reason alone was not within the contemplation of the statute. However, the precise issue of whether he had already begun to serve his prior sentence, thus depriving the court of discretion under R.C. 5143.03, is one of first impression.

There are cases holding that a sentence does not begin to run immediately upon imposition of the sentence but rather upon delivery of the convicted person to the penal institution. *Watmuff* v. *Perini* (1969), 19 Ohio St. 2d 163, 48 O.O. 2d 197, 249 N.E. 2d 887; *State, ex rel. Stratton,* v. *Maxwell.* (1963), 175 Ohio St. 65, 23 O.O. 2d 357, 191 N.E. 2d 549. However, these cases predated reform in statutory and decisional law to the effect that a term of imprisonment must be reduced by any amount of time spent in confinement "for any reason arising out of the offense for which [the prisoner] was convicted and sentenced, including * * * confinement in a community based correctional facility * * * and confinement while awaiting transportation to the place where he is to serve his sentence." R.C. 2967.191; see Committee Comment to H.B. No. 511. *Watmuff,* for example, denied the petitioner credit against his sentence for the four-day interval between imposition of his sentence and his arrival at the penal institution. In view of the subsequent passage of R.C. 2967.191, *Watmuff* clearly no longer represents the state of the law. All time spent in confinement is now counted in calculating the duration of a convicted individual's term of imprisonment. Furthermore, it has been held that a youthful offender need not have served his entire minimum term to no longer

be a first offender under the statute. *State* v. *Smith* (1982), 8 Ohio App. 3d 142, 8 OBR 199, 456 N.E. 2d 535 (repeat offender who had previously been released on shock probation is not eligible for a reformatory sentence).

In the instant case, Edwards had been held in the county jail for approximately two months before the sentence now on appeal. Presumably, he was confined there and not delivered to the reformatory because of the pending charges against him, but his incarceration arose out of the former conviction and constituted service of that sentence. Therefore, he was "known previously to have served a sentence in a * * * correctional institution" at the time the court sentenced him on the instant charges. Consequently, the court did not have the discretion to sentence him to the reformatory and did not err in rejecting the suggestion of that option. The first assignment of error is overruled.

Edwards presented three assignments of error *pro se,* challenging various aspects of the hearing on his plea of guilty. We find no merit in any of his three claims.

Edwards alleges that his guilty plea did not constitute an intelligent waiver, because the indictment did not name the witnesses against him, and thus the court erred in accepting the plea. It is difficult to ascertain the exact intent of Edwards's claim, because his argument attacks a different aspect of the indictment than that set forth in the assignment of error; however, we respond only to the assigned error. App. R. 12(A).

All counts of the two indictments except for the first count of the October 3 indictment (case No. B-853351) specify the alleged victim of the particular offense. We assume that the absence of the victim's name in this count is the object of Edwards's allegation of error. An indictment "may be in

.. 

the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged." R.C. 2941.05. Edwards's indictments met this standard of sufficiency. (In addition, the name of the victim of the first count of indictment B-853351 was supplied in a bill of particulars.)

Edwards claims in his second and third assignments of error that he did not receive effective assistance of counsel, because his attorney failed to interpose any objection to the indictment, and because his attorney failed to prepare for trial and negotiated a plea bargain that was not beneficial to Edwards and that did not reflect in the sentence imposed the terms to which Edwards had agreed. First of all, the attorney did not shirk his duty by failing to object to the indictment, because, as has already been established, the indictment was not defective. Edwards's other allegations are not supported by the record. There is no evidence before this court supporting a conclusion of lack of trial preparation by defense counsel. Furthermore, the transcript of the proceedings reveals complete assent of the defendant to the plea negotiations even after extensive explanation by the court of the effect and consequences of a guilty plea, including the potential sentence on each count. Similarly, the record does not support Edwards's final challenge to the court's acceptance of his guilty plea on the grounds that he was not accorded the bargain to which he had agreed. Edwards's three *pro se* assignments of error are all overruled.

*Judgment affirmed.*

DOAN, P.J., and KLUSMEIER, J., concur.