OPINION
{¶ 1} This is Appellant's second appeal before this Court. In his first appeal, Appellant Brandon Moore challenged a number of aspects of his sentence following conviction on 12 counts, including aggravated robbery, rape, complicity to rape, kidnapping, conspiracy to commit aggravated robbery, aggravated menacing, and 11 firearm specifications. He was originally sentenced to 141 years and six months in prison. We sustained two of Appellant's assignments of error on appeal and held that some of the firearm specifications should have been merged; that there were errors in the imposition of his consecutive sentences; and that there was error in the wording in the indictment regarding his conspiracy charge. Accordingly, this Court reversed part of the lower court judgment and remanded his case for resentencing. State v.Moore, 161 Ohio App.3d 778, 2005-Ohio-3311, 832 N.E.2d 85.
 {¶ 2} On remand, the trial court merged Appellant's firearm specifications, acknowledged that conviction on conspiracy to robbery with an attendant firearm specification was dismissed by this Court, and resentenced Appellant pursuant to the felony sentencing law in effect at that time. While the case was pending on appeal, though, the Ohio Supreme Court released its landmark decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, which dramatically altered felony sentencing law and procedure in Ohio.
 {¶ 3 Appellant argues in this second appeal that the trial court erred in making findings during sentencing using facts which were not presented to the jury, thus violating Foster, supra, and infringing hisSixth Amendment rights. He also *Page 3 
argues that the trial court erred in failing to exercise discretion when imposing maximum prison terms for his rape and kidnapping offenses. For the following reasons, particularly in light of the Ohio Supreme Court's decision in Foster, supra, Appellant's sentence must be vacated and remanded once again for resentencing.
 {¶ 4} Appellant's first assignment of error asserts,
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT MADE FACTUAL FINDINGS THAT WERE NOT ELEMENTS OF THE FELONY CHARGES, HAD NOT BEEN SPECIFICALLY PRESENTED TO THE JURY, NOR WERE THE SUBJECT OF SPECIAL VERDICTS IN VIOLATION OFSTATE V. FOSTER AND BLAKELY V. WASHINGTON, THEREBY VIOLATING APPELLANT MOORE'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION. THE IMPROPER FACT FINDINGS INVOLVED THE EXISTENCE OF PSYCHOLOGICAL HARM; THE LIKELIHOOD OF RECIDIVISM; THAT THE OFFENSE WAS THE WORST FORM OF THE OFFENSE; AND THE VICTIM'S PHYSICAL AGE. (Sentencing Transcript September 7, 2005, passim)"
 {¶ 6} Appellant argues, and the state concedes, that Ohio's sentencing laws have significantly changed since Appellant's resentencing. Appellant was resentenced on September 7, 2005. Pursuant to Ohio law at the time, the trial court judge made certain required findings of fact in order to impose maximum and consecutive sentences. Foster was issued on February 27, 2006, and by its own terms applies to cases pending on appeal. Foster determined that the statutory requirement that the trial court make certain findings in order to impose anything *Page 4 
more than a minimum sentence did not conform to the Sixth Amendment right to trial by jury, and the offending statutes were excised from the felony sentencing code. Foster interpreted and applied a series of United States Supreme Court cases dealing with similar sentencing issues in both federal and state criminal cases. See Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S .Ct. 2348, 147 L.Ed.2d 435;Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403; United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621. Appellant argues that the trial court relied on unconstitutional statutes in formulating its sentence, and for that reason, the case should once more be remanded for resentencing.
 {¶ 7} We note that Appellant's counsel at the time of his resentencing, and prior to the Supreme Court's decision inFoster, objected to Ohio's felony sentencing statutes on the grounds stated in Blakely and related cases.
 {¶ 8} Appellant specifically argues that the trial court's findings in violation of Foster included the psychological harm suffered by the victim, the likelihood of recidivism, the age of the victim, and that Appellant committed the worst form of the offense. Pursuant to R.C.2929.14(B), the trial court determined that the shortest prison term would demean the seriousness of Appellant's offenses and would not adequately protect the public. R.C. 2929.14(B) was held to be unconstitutional in Foster. The trial court also found that, pursuant to R.C. 2929.14(C), Appellant committed the worst forms of the offenses and posed the greatest likelihood of committing future crimes. R.C.2929.14(C) was held to be unconstitutional in Foster. *Page 5 
The trial court also found that consecutive sentences were warranted under R.C. 2929.14(E)(4) because the harm caused by Appellant's offenses was so great and unusual and that a single sentence would not adequately reflect the seriousness of his conduct or be sufficient to protect the public. This statute was also held to be unconstitutional inFoster.
 {¶ 9} Notwithstanding the unconstitutional nature of the aforementioned sentencing provisions, the Supreme Court concluded that these provisions were capable of being severed and excised in their entirety from the felony sentencing code. Foster held that the judicial factfinding held to be unconstitutional, is no longer required before the imposition of more than the minimum sentence, before imposing a maximum sentence, or before issuing consecutive sentences.Foster, supra, at paragraphs one through four of the syllabus.
 {¶ 10} After Foster, a trial court has full discretion to impose a prison term within the basic statutory range for each crime without being required to first make specific findings or state specific reasons to justify the sentence. Id. at paragraph seven of the syllabus;State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus; R.C. 2929.14(A). A sentencing court must nevertheless still use its discretion and consider the sentencing factors set forth in R.C. 2929.12 and 2929.13. State v. Adams, 7th Dist. No. 00 CA 211, 2006-Ohio-1761, ¶ 74.
 {¶ 11} Based on the foregoing, the trial court's reliance on what have since been determined to be unconstitutional statutes can only constitute reversible error. *Page 6 
Appellant's first assignment of error has merit and his sentence is hereby vacated and remanded for resentencing.
 {¶ 12} Appellant raises an additional issue, here, that requires some discussion. He claims that the sentencing judge in his case is biased, and as such, he requests that we order assignment of a different trial court judge on remand for his second resentencing. In support, Appellant contends that the trial judge in this case "always" imposes maximum sentences for rape and kidnapping defendants, regardless of the facts of the case. However, as will be seen in the next assignment of error, the record does not clearly support Appellant's argument. Even if Appellant were correct, if he seeks to have the trial judge removed from the case due to some alleged bias, there is a procedure set up in Ohio law for this purpose. R.C. 2701.03(A) directs an individual seeking the disqualification of a court of common pleas judge to file an affidavit of disqualification with the Ohio Supreme Court. R.C. 2701.03(A) states:
 {¶ 13} "(A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section." *Page 7 
 {¶ 14} As an appellate court, we do not have jurisdiction to entertain Appellant's request. Beer v. Griffith (1978), 54 Ohio St.2d 440,441-442, 8 O.O.3d 438, 377 N.E.2d 775; Kondrat v. Ralph Ingersoll Pub.Co. (1989), 56 Ohio App.3d 173, 174, 565 N.E.2d 882.
 {¶ 15} In Appellant's second assignment of error, he claims,
 {¶ 16} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT MOORE TO MAXIMUM TERMS ON THE RAPE AND KIDNAPPING CHARGES BY ITS SYSTEMIC FAILURE TO EXERCISE DISCRETION (Sentencing Transcript September 7, 2005 at p. 3)."
 {¶ 17} This assignment of error would normally be considered moot based on our resolution of Appellant's first assignment of error. This matter is remanded for resentencing based on the court's reliance on unconstitutional sentencing factors. It is not necessary to supply any further reasons in support of the decision to remand the case. Under this assignment of error, though, Appellant also requests that the case be remanded to a different judge because he does not believe he will be able to receive a fair and impartial sentence from the original trial judge. Appellant argues that the trial judge made comments at sentencing indicating that he routinely fails to exercise any discretion in rape or kidnapping cases. Appellant contends that the trial judge habitually and automatically imposes maximum prison terms for all rape and kidnapping cases. Appellant claims that such an attitude by the trial judge constitutes an abuse of discretion and reversible error. Appellant contends that a *Page 8 
failure or unwillingness of a judge to use any discretion is, in itself, in some cases, an abuse of discretion.
 {¶ 18} As we have already noted, an intermediate court of review does not have jurisdiction to disqualify a court of common pleas judge for bias, prejudice, or any other reason. The Ohio Supreme Court retains exclusive jurisdiction over the disqualification of judges of the courts of common pleas. Appellant nevertheless insists that, since the case is on appeal rather than pending before the court of common pleas, the disqualification statute does not apply and that we have authority to craft an appropriate remedy. Appellant contends that in order for him to be "made whole" for the error, any remedy in this appeal cannot include remanding the case to the original trial judge.
 {¶ 19} Before we can discuss any appropriate remedies, here, we first need to address the merits of Appellant argument that the trial judge abused its discretion. Appellant is correct that a failure of a judge to use any discretion can amount to an abuse of discretion. "[T]he failure to exercise discretion in the mistaken belief it does not exist almost always amounts to reversible error." State v. Zukowski, 10th Dist. No. 06AP-46, 2006-Ohio-5299, ¶ 9; see also, Oakbrook Realty Corp. v.Blout (1988), 48 Ohio App.3d 69, 71, 548 N.E.2d 305; State v.Edwards (1986), 33 Ohio App.3d 233, 235, 515 N.E.2d 643; State ex rel.Spratley v. Jones (1948), 149 Ohio St. 381, 78 N.E.2d 727.
 {¶ 20} A review of Appellant's sentencing transcript reveals that no objection was made on this ground. Thus, any review is limited to plain error. Crim.R. 52(B). *Page 9 
Plain error has been defined as an obvious error that is prejudicial to a defendant and that substantially and adversely impacts the integrity of the judicial proceeding. State v. Endicott (1994),99 Ohio App.3d 688, 694, 651 N.E.2d 1024.
 {¶ 21} Appellant directs our attention to Lancashire v. McCullion
(1998), 7th Dist. No. 561, which involved the denial of the defendant's requested occupational driving privileges. The defendant argued on appeal that the trial court had a fixed policy against granting occupational driving privileges, and that this policy constituted an abuse of discretion. The state, in rebuttal, cited several cases in which that trial court judge had authorized occupational privileges. We determined that the defendant's argument was not supported by the record and that there was no abuse of discretion.
 {¶ 22} A review of the sentencing transcript in the instant matter reveals the following statements by the court on which Appellant apparently bases his argument:
 {¶ 23} "And, further, the sentence must be consistent with sentences for similar crimes by similar offenders. I don't know any judge that doesn't sentence people to ten years for rape. I don't know any judge that shouldn't sentence people to ten years for aggravated robbery, and I don't know any judge who doesn't sentence people to ten years for kidnapping. I certainly do that when people commit crimes like this, and I don't understand a judge who doesn't." (Sept. 7, 2005, Sentencing Tr., p. 37.)
 {¶ 24} Although Appellant interprets these comments by the trial judge as bias, prejudice and a failure to exercise discretion, we disagree. The trial judge used a *Page 10 
variety of words that normally indicate a weighing and balancing process, words such as "consistent with * * * similar crimes," and "crimes like this". The trial judge also compared his sentences with those of other courts. He did not state that he "always" imposes the maximum prison term without considering the facts or circumstances of the case. Instead, the trial court judge appears to have been explaining his reasons and rationale for the imposition of consecutive maximum sentences in order to comply with the sentencing provisions in effect at the time. The trial court emphasized the number and the gravity of the convictions in Appellant's case. The trial court also stressed the impact of these offenses on Appellant's victims and emphasized that this was one of the worst cases he had ever seen. (Sept. 7, 2005, Sentencing Tr.) The trial court's sentencing decision does not reflect that it failed to exercise its discretion. Thus, there was no abuse of discretion, no plain error, and no need to consider whether Appellant's requested form of relief on remand is within our jurisdictional power.
 {¶ 25} In conclusion, Appellant's first assignment of error has merit, and his second assignment of error is overruled. We vacate Appellant's sentence and remand this case to the trial court for resentencing consistent with Foster, supra.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs in judgment only. *Page 1