[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 241.]

THE STATE OF OHIO, APPELLEE, *v.* PALMER, APPELLANT.

[Cite as *State v. Palmer*, 2001-Ohio-188.]

*Appellate procedure—Application for reopening appeal of judgment of conviction based on claim of ineffective assistance of appellate counsel—Court of appeals' dismissal of application to reopen appeal affirmed when no genuine issue exists as to whether applicant was denied the effective assistance of counsel.*

(No. 00-2201—Submitted April 24, 2001—Decided July 11, 2001.)

APPEAL from the Court of Appeals for Belmont County, No. 89-B-28.

———————————

*Per Curiam.*

{¶ 1} Appellant, Donald L. Palmer, Jr., was convicted of the aggravated murders of Charles Sponhaltz and Steven Vargo and sentenced to death. He was also convicted and sentenced to prison for the aggravated robberies of Sponhaltz and Vargo. The court of appeals affirmed his convictions and sentence. *State v. Palmer* (Aug. 29, 1996), Belmont App. No. 89-B-28, unreported, 1996 WL 495576. On direct appeal as of right, we also affirmed. *State v. Palmer* (1997), 80 Ohio St.3d 543, 687 N.E.2d 685, certiorari denied, *Palmer v. Ohio* (1998), 525 U.S. 837, 119 S.Ct. 96, 142 L.Ed.2d 76.

{¶ 2} In addition, the trial court denied Palmer's petition for postconviction relief, and the court of appeals affirmed. *State v. Palmer* (Oct. 20, 1999), Belmont App. No. 96BA70, unreported, 1999 WL 979228. We declined to accept Palmer's appeal. *State v. Palmer* (2000), 88 Ohio St.3d 1424, 723 N.E.2d 1113.

{¶ 3} On May 8, 2000, Palmer filed a "Notice of Intention to file a federal habeas corpus action" in the United States District Court for the Southern District of Ohio. On May 18, 2000, the United States District Court appointed counsel to

represent Palmer in connection with the federal habeas proceedings, and on May 31, 2000, that court stayed Palmer's scheduled execution.

{¶ 4} On August 28, 2000, Palmer filed an application with the Belmont County Court of Appeals to reopen his appeal from his conviction pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel before that court. However, the court of appeals found that Palmer had failed to show good cause for filing his application more than ninety days after that court's judgment was journalized, as required by App.R. 26(B)(2)(b). *State v. Palmer* (Oct. 25, 2000), Belmont App. No. 89B28, unreported. Hence, that court dismissed Palmer's application to reopen his appeal. The cause is now before this court upon an appeal as of right.

{¶ 5} We find that no genuine issue exists as to whether Palmer was denied the effective assistance of counsel in his initial 1996 appeal. We therefore affirm the judgment of the court of appeals.

{¶ 6} In arguing his first proposition of law, Palmer asserts that "he has a federal constitutional right * * * to have counsel appointed to assist him in raising a claim that his [former] appellate counsel rendered ineffective assistance of counsel in the direct appeal to the * * * Court of Appeals." Essentially, Palmer argues that he has a constitutional right to two sets of appellate lawyers: one to argue his case on appeal, and a second to argue that the first was incompetent.

{¶ 7} We overrule this proposition of law. Palmer failed to present this issue to the court of appeals in his application to reopen his appeal and thereby waived the issue. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph two of the syllabus. Moreover, the issue is moot. Two attorneys assisted Palmer in preparing his *Murnahan* application and currently represent Palmer in the instant *Murnahan* appeal. Nor has Palmer claimed that if an attorney had been appointed to assist him in preparing his application that such an attorney would have raised issues different from those his current counsel have

raised. As we noted in *Tschantz v. Ferguson* (1991), 57 Ohio St.3d 131, 133, 566 N.E.2d 655, 657, "No actual controversy exists where a case has been rendered moot by an outside event." Here, the appearance of attorneys at the court of appeals on Palmer's behalf has mooted the issue.

{¶ 8} In his third proposition, Palmer asserts that his counsel have established a genuine issue as to whether he was denied the effective assistance of counsel in his initial appeal to the court of appeals. The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether Palmer has raised a "genuine issue" as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5). *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697; *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458. "To show ineffective assistance, [Palmer] must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *State v. Sheppard* (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770, 771, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Palmer "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d at 697.

{¶ 9} We have reviewed Palmer's assertions of deficient performance by appellate counsel and find that Palmer has failed to raise "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required under App.R. 26(B)(5).

{¶ 10} In his second proposition of law, Palmer argues that he had good cause for the late filing of his application for reconsideration under App.R. 26(B) and relies, in part, upon *White v. Schotten* (C.A.6, 2000), 201 F.3d 743, to support his claim of good cause. However, our disposition of Palmer's third proposition,

on the merits, negates any need to decide that issue.  Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Frank Pierce*, Belmont County Prosecuting Attorney, and *Robert W. Quirk*, Assistant Prosecuting Attorney, for appellee.

*Keith A. Yeazel* and *Michael J. O'Hara*, for appellant.

———————————