OPINION AND JOURNAL ENTRY
{¶ 1} Appellant Brandon Moore has filed an application to reopen his direct appeal pursuant to App.R. 26(B)(5), which states: "An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Appellant argues that his appellate counsel failed to argue on direct appeal that his statutory speedy trial rights were violated, and that this error constitutes ineffective assistance of appellate counsel.
 {¶ 2} A criminal defendant is entitled to effective assistance of appellate counsel on a first appeal as of right. See, e.g., Evitts v.Lucey (1985), 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821; State v. Rojas
(1992), 64 Ohio St.3d 131, 592 N.E.2d 1376. The Ohio Supreme Court has held that "[t]he two-pronged analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether [an applicant] has raised a `genuine issue' as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5)." State v. Palmer (2001), 92 Ohio St.3d 241, 243,749 N.E.2d 749. Thus, in order to show ineffective assistance of appellate counsel, Appellant must show that his appellate counsel was "`deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal.'" Id., quoting State v. Sheppard (2001),91 Ohio St.3d 329, 330, 744 N.E.2d 770.
 {¶ 3} An appellate court must determine whether there are any substantive grounds for relief before granting an application for reopening. State v. Dillon (1995), 74 Ohio St.3d 166, 171, 657 N.E.2d 273. In other words, Appellant must establish a "colorable claim" of ineffective assistance of appellate counsel by pointing to evidence and legal arguments satisfying both requirements of Strickland. Id.
 {¶ 4} The stated reason for reopening this appeal arises from the bindover proceedings transferring jurisdiction of this case from the Juvenile Division to the General Division of the Mahoning County Court of Common Pleas. Appellant argues that the speedy trial time periods set forth in R.C. § 2945.71 begin to run when the juvenile court relinquishes jurisdiction over the case and transfers it to the adult division of the court of common pleas, citing State ex rel. Williams v. Court of CommonPleas (1975), 42 Ohio St.2d 433, 435, 71 O.O.2d 410, 329 N.E.2d 680. Appellant contends that the case was transferred from the Juvenile Division to the General Division by means of a judgment entry dated November 16, 2001. He argues that R.C. § 2945.71 required that trial be commenced within 270 days after the transfer from juvenile court, or within 90 days if Appellant was held in jail in lieu of bail on the charges. According to Appellant, he remained incarcerated in lieu of bail while he waited for trial to begin, and therefore, trial should have commenced by February 14, 2002. Appellant contends that he filed a motion on July 1, 2002, alleging a speedy trial violation, and orally renewed that motion on July 17, 2002. This motion was overruled by the trial court. Appellant now contends that the trial court was in error in overruling this motion. Appellant concludes that his counsel should have raised the trial court's error as an issue on direct appeal.
 {¶ 5} Appellee argues in rebuttal that the November 16, 2001, judgment entry was vacated on December 19, 2001, by the juvenile court, and that the case was not actually transferred to the adult division until the juvenile court issued a new judgment entry on April 23, 2002. The record reflects that the adult division of the court overruled Appellant's motion to dismiss based on speedy trial claims because: 1) the November 16, 2001, judgment entry from juvenile court was not in compliance with juvenile statutory and procedural law; 2) the November 16, 2001, judgment entry was void ab initio; 3) the November 16, 2001, judgment entry was specifically vacated by the juvenile court; and 4) the juvenile court did not properly transfer jurisdiction of the case to the adult division of the court of common pleas until April 23, 2002. (7/11/02 J.E., p. 3.)
 {¶ 6} Appellee agrees that the speedy trial time periods found in R.C. § 2945.71 do not apply to a case initiated in juvenile court until the day after that court relinquishes jurisdiction and properly binds the case over to the adult division of the court, citing State v.Bickerstaff (1984), 10 Ohio St.3d 62, 67, 10 OBR 352, 461 N.E.2d 892. Appellee submits that the 90-day speedy trial time period began to run on April 23, 2002, and would have expired on July 22, 2002. Appellee contends that there were fewer than 90 days between the date the case was transferred to the adult division, i.e., April 23, 2002, and the date that Appellant signed a waiver of his right to speedy trial on July 17, 2002. Therefore, Appellee concludes that there was no colorable claim to be made on appeal for a speedy trial violation, and no reason for Appellant's counsel to raise the issue on direct appeal.
 {¶ 7} Appellant responds to Appellee's argument by asserting that a waiver of the right to speedy trial that is executed after the speedy trial violation has occurred is not valid to cure the violation. Appellant is presuming, though, that this case was properly transferred to the adult division of the court of common pleas on November 16, 2001, and that the speedy trial calculations must be based on that date. Appellant presents no argument that would challenge the trial court's conclusion that the November 16, 2001, judgment entry was void ab initio and is thus irrelevant in determining when the clock started to run on Appellant's speedy trial claims. Appellant does go to some length to establish that the juvenile court delivered, or at least attempted to deliver, the case files to the adult division soon after the November 16, 2001, judgment entry was released. Even assuming that Appellant is correct, the facts alleged by Appellant would not affect the trial court's conclusion that the November 16, 2001, judgment entry was void ab initio and played no role in the speedy trial calculation. Since Appellant has not set forth any plausible challenge to the trial court's reasoning and conclusion concerning the November 16, 2001, judgment entry, we cannot say that Appellant has presented a colorable claim as to ineffective assistance of appellate counsel or that there are substantive grounds for reopening this appeal. Accordingly, Appellant's application for reopening is hereby denied.
Waite, J., concurs.
Vukovich, J., concurs.
DeGenaro, J., concurs.