OPINION AND JOURNAL ENTRY
{¶ 1} On February 21, 2006, pro se Appellant timely filed an application to reopen his direct appeal following this Court's ruling on December 23, 2005, in Case Number 04 CO 19. The state has not filed a response.
 {¶ 2} Appellant's underlying appeal stemmed from the rape of a child in both Columbiana and Carroll counties. Appellant was convicted in both, but on appeal these separate convictions were consolidated. Appellant also filed an application for reopening in his Carroll County case, Number 04 CA 803, which we ruled on some time ago. Due to some administrative errors, we are now somewhat tardy in dealing with the application for reopening in Appellant's Columbiana County case.
 {¶ 3} In the underlying appeal in this matter, Appellant's appellate counsel alleged that Appellant received ineffective assistance of trial counsel for three reasons. He claimed trial counsel was ineffective in failing to object to the trial court's determination that the victim was competent to testify; that counsel failed to ask the eyewitness certain questions; and that counsel failed to object to certain phrases used by the state during his jury trial. He also raised two other assignments of error on direct appeal. We concluded that all of his alleged errors lacked merit. State v. Parks, 7th Dist. No. 04 CO 19, 2005-Ohio-6926, at ¶ 42. The Ohio Supreme Court subsequently declined to accept his case for review. State v. Parks, 111 Ohio St.3d 1411, 2006-Ohio-5083,854 N.E.2d 1091.
 {¶ 4} Appellant now raises five other assignments of error in this application for reopening. All of these assignments are intended to support his contention that he *Page 2 
was denied the effective assistance of appellate counsel. For the following reasons, his arguments lack merit and we decline to reopen his direct appeal.
 {¶ 5} In Appellant's first assignment, Appellant simply states:
 {¶ 6} "INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO SUPPRESS APPELLANT'S STATEMENTS BECAUSE HE WAS NOT PROPERLY GIVEN HIS MIRANDA RIGHTS AND INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILURE TO RAISE THIS ISSUE ON APPEAL."
 {¶ 7} App R 26(B) provides in part,
 {¶ 8} "(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.
 {¶ 9} "* * *
 {¶ 10} "(5) An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.
 {¶ 11} "* * *
 {¶ 12} "(9) If the court finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, the court shall vacate its prior judgment and enter the appropriate judgment. If the court does not so find, the court shall issue an order confirming its prior judgment."
 {¶ 13} A criminal defendant is entitled to effective assistance of appellate counsel. State v. Rojas (1992), 64 Ohio St.3d 131,592 N.E.2d 1376. Further, "[t]he two-pronged analysis found in Strickland v.Washington (1984), 466 U.S. 668, *Page 3 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether [an applicant] has raised a `genuine issue' as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5)." State v. Palmer (2001), 92 Ohio St.3d 241, 243,749 N.E.2d 749. Appellant must show that his appellate counsel was, "`deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal.'" Id., quoting State v. Sheppard (2001),91 Ohio St.3d 329, 330, 744 N.E.2d 770.
 {¶ 14} Appellant claims that during his initial questioning in this matter, the detective from the Columbiana County Sheriffs Office did not read him his Miranda rights, would not allow him to call an attorney, and would not allow him to leave the interrogation. Appellant attempts to present his own affidavit in support of these claims in his application. This affidavit includes allegations that he tried to leave, but he was physically escorted back into the building and that he finally signed certain documents, including a Miranda rights waiver, after hours of interrogation and threats that he would lose custody of his children. (Feb. 6, 2006, Affidavit of James Parks.)
 {¶ 15} Notwithstanding Appellant's belated and self-serving affidavit, the trial transcript of Detective Sergeant Steve Walker's testimony reveals that he telephoned Appellant and Appellant willingly went to the sheriff's office to talk with Walker. Detective Sergeant Walker further testified that he initially reviewed Appellant's Miranda rights with him and had him sign the waiver form. Only then did Walker take a statement from Appellant. (Tr., pp. 67-68.)
 {¶ 16} Detective Sergeant Walker confirmed on cross-examination that Appellant willingly came to the office to talk with him; that Appellant did not ask for a *Page 4 
lawyer during his interview; and that Walker did not threaten to take Appellant's children from him. However, a Childrens Services representative had asked Appellant to voluntarily leave his children with their grandparents until they could be interviewed. (Tr., pp. 95-97.)
 {¶ 17} Appellant did not testify at trial. Thus, the record on appeal includes none of the allegations Appellant raises in his affidavit. It is axiomatic that an appellate court is limited in its review to the record of proceedings in the trial court. Appellant's counsel on appeal can hardly be faulted for failing to raise an issue for which there is absolutely no support in the record. Accordingly, it cannot be said that Appellant was denied the effective assistance of counsel. The allegations now raised by Appellant were addressed in some fashion and implicitly denied at trial, and Appellant provided no evidence to the contrary at the time.
 {¶ 18} Based on the foregoing, it does not appear either Appellant's counsel on appeal was ineffective for failing to raise unsupported claims against his trial counsel or that Appellant was in any way prejudiced as a result of their alleged deficiencies. Appellant has not shown any probability of success, and his first assignment of error lacks merit and is overruled.
 {¶ 19} Appellant next complains as follows:
 {¶ 20} "INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILURE TO RAISE ISSUE THAT DETECTIVE FOLEY DELIBERATELY DESTROYED HIS NOTESOF [SIC] HIS INITIAL INTERVIEW WITH MR. FREEMAN WHO WAS THE ONLY WITNESS IN THIS CASE. (T. 48) IN VIOLATION OF JENKS ACT." *Page 5 
 {¶ 21} Again, Appellant must show that his appellate counsel was deficient and that there was a reasonable probability of success had counsel presented these arguments on appeal. Palmer, supra at 243,749 N.E.2d 749. Appellant argues here that his due process rights were violated by Sergeant Thomas Foley's deliberate destruction of what Appellant characterizes as evidence. Appellant claims that the trial court erred in allowing Foley to testify in spite of the fact that he had destroyed the notes he had taken during his interview with Mr. Freeman. Appellant speculates that the notes must have been exculpatory, otherwise Sergeant Foley would have retained them to build his case against Appellant.
 {¶ 22} Notwithstanding Appellant's allegations, our review of the trial transcript reveals that Appellant's trial counsel was permitted to fully cross-examine Sergeant Foley regarding his interview with the eyewitness, Mr. Freeman. Sergeant Folely revealed that he interviewed Mr. Freeman over the phone. Upon completing his report, Folely did not retain the notes he jotted down while on the phone, explaining that they were simply notes made on his calendar. Sergeant Folely explained that the manner in which he writes something down in a preliminary note, "is usually the way it goes in the report." (Tr., pp. 37-38.) Sergeant Foley had his report with him at trial.
 {¶ 23} In addition to his ability to question Sergeant Foley, Appellant's trial counsel also had the opportunity to cross-examine Mr. Freeman at trial. (Tr., pp. 173-178, 180.) The record reflects that Appellant's trial counsel's performance was not insufficient in this regard or that Appellant had a reasonable probability of success had appellate counsel presented these arguments in his initial appeal. As such, this argument also lacks merit and does not warrant the reopening of this case. *Page 6 
 {¶ 24} In Appellant's third argument he asserts:
 {¶ 25} "INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND APPELLATE COUNSEL FOR FAILURE TO HAVE TRIAL COURT GIVE A CURATIVE INSTRUCTION AS TO THE STATEMENT MADE BY DETECTIVE WALKER CONCERNING ANAL PENETRATION, WHICH WAS NOT CHARGED IN THE INDICTMENT. TRIAL COUNSEL DID WITHDRAW HIS REQUEST FOR AN INSTRUCTION AND TRIAL COURT DID NOT GIVE ONE. ALSO, APPELLATE COUNSEL SHOULD HAVE RAISED THIS ISSUE ON APPEAL. THUS, IN VIOLATION OF APPELLANT'S 6TH 14TH AMENDMENT RIGHTS. (T. 139). EVID. R. 404(b)."
 {¶ 26} Here, Appellant takes issue with trial counsel's questioning of Detective Walker at trial. Appellant argues that trial counsel was badgering the detective, knowing that the detective would eventually testify that the victim cried out for help as a result of pain from anal penetration.
 {¶ 27} Contrary to Appellant's arguments however, it appears from the record that his trial counsel was stressing the fact that the police never considered alternative suspects in this case while at the same time trying to discredit Mr. Freeman's testimony when questioning Detective Walker. The transcript does not reflect that Appellant's counsel could have anticipated the detective's undesirable response,
 {¶ 28} "Q [by Appellant's counsel] He was the only suspect from day one. You considered nobody else, correct?
 {¶ 29} "A He was the only suspect from day two when they had his license number and then later when they did the photo lineup. *Page 7 
 {¶ 30} "Q He's the only suspect you targeted in on?
 {¶ 31} "A That's correct.
 {¶ 32} "Q And then you do the lineup. You didn't suspect anybody else. It had to be on that date, at that time, that what's happening. And yet you can't show me in Mr. Freeman's statement where he talks about screaming out for help or anything like that. And this is after a month he had to fix it up and beef it up. Freeman doesn't say that and he was there. Why isn't that in there? Doesn't that cause you pause as to what Arbogast is trying to tell you?"
 {¶ 33} "A No, I believe that when he was arguing-or when he was saying that he was screaming for help, I believe that was when he was in pain due to the anal penetration."
 {¶ 34} "Q Well, in this case that's not what it's about, is it?
 {¶ 35} "A No.
 {¶ 36} "Q That's not what this case is about." (Tr., pp. 138-139.)
 {¶ 37} Immediately thereafter, Appellant's trial counsel had a discussion with the trial court judge out of the hearing of the jury. This conversation is not on the trial court's record.
 {¶ 38} A review of the trial transcript does not depict that Appellant's trial counsel intended or anticipated that he would elicit any response about anal penetration. Based on the extensive record in this matter, it does not appear that, but for the questioning, Appellant would not have been convicted. In addition, the questioning at issue appears to be a matter best described as a trial tactic (despite the unanticipated result) and trial tactics are left to the discretion of the attorney and will *Page 8 
not be second-guessed by a court of review. Appellant's counsel on appeal had no real probability of success had he raised these claims as an issue on appeal. Thus, Appellant's argument fails on this issue.
 {¶ 39} Appellant next states:
 {¶ 40} "INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL FAILED TO FILE PRE-TRIAL MOTION FOR DISCOVERY, AND INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR NOT RAISING THIS ISSUE ON APPEAL, THUS IN VIOLATION OF THE 6th 14th AMENDMENTS."
 {¶ 41} Appellant argues that his trial counsel was ineffective for failing to file discovery requests and thus, was not prepared for trial. In support, he cites the trial court's docket, claiming that it reveals no formal written discovery request. However, the docket does reveal that the state filed its written responses to Appellant's discovery request and request for bill of particulars on January 30, 2004. Thus, trial counsel had the necessary discovery before the commencement of Appellant's jury trial on February 3, 2004.
 {¶ 42} Further, Appellant fails to direct this Court's attention to any actual prejudice allegedly suffered as a result of his trial counsel's untimely discovery requests. Thus, this court is unable to find that the performance of appellate counsel was deficient for failing to make these claims an issue on appeal or that the applicant was prejudiced by the alleged deficiency.
 {¶ 43} For Appellant's fifth and final claim in his application he states:
 {¶ 44} "INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL HAD APPELLANT REMOVED FROM THE COURTROOM TO HOLD A *Page 9 
COMPETENCY HEARING ON THE NINE-YEAR-OLD VICTIM, AND INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR NOT RAISING THE CONFRONTATION CLAUSE, IN VIOLATION OF APPELLANT'S 6TH 14TH AMENDMENT RIGHTS."
 {¶ 45} Again, in order to determine whether counsel's performance was ineffective, a defendant must first show serious deficiencies in counsel's performance. Second, the defendant must show that counsel's deficient performance resulted in prejudice that was, "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674. Further, prejudice can only be found when there is a reasonable probability that but for counsel's error, the result of the trial would have differed. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph three of the syllabus.
 {¶ 46} Appellant argues that trial counsel violated his right to confront the witness against him when counsel advised Appellant that he could not remain in the courtroom during the competency hearing of his minor victim. Appellant claims error since his counsel did not directly ask him if he wanted to waive this right.
 {¶ 47} A trial court is required to conduct a voir dire examination of a child less than ten years of age in order to determine whether the child is competent to testify. Akron v. Deem (1999),135 Ohio App.3d 523, 525; State v. Said (1994), 71 Ohio St.3d 473, 476, 644 N.E.2d 337.
 {¶ 48} "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to *Page 10 
recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." State v. Frazier (1991),61 Ohio St.3d 247, 574 N.E.2d 483, the syllabus. These factors are designed to protect the accused by establishing that a child is trustworthy.
 {¶ 49} Further, in Appellant's direct appeal to this Court we noted the following in assessing whether the trial court abused its discretion in allowing the minor victim to testify:
 {¶ 50} "In the instant cause, the trial court conducted a competency hearing at which the trial judge questioned the victim. The victim answered simple questions such as providing his name, age, and date of birth. (Competency Hearing, p. 149.) He was also able to differentiate between telling the truth and a lie, and he indicated that it is important to tell the truth because people will get in trouble. (Competency Hearing, p. 151.) Finally, he indicated that he was prepared to tell the truth. (Competency Hearing, pp. 151-152.) Both counsel were then provided the opportunity to supplement the court's inquiry, but both declined. (Competency Hearing, p. 152.)" State v. Parks, 7th Dist. No. 04 CO 19, 2005-Ohio-6926, at ¶ 8.
 {¶ 51} The Sixth Amendment to the United States Constitution guarantees the right of a criminal defendant, "to be confronted with the witnesses against him." It has been held that one of the fundamental purposes of the confrontation clause is to secure the opportunity for cross-examination. State v. Williams (1983), 4 Ohio St.3d 74, 75-76,446 N.E.2d 779. Appellant is not claiming he was in any way denied his right to cross-examine the victim witness at his jury trial. *Page 11 
 {¶ 52} Accordingly, it cannot be held that Appellant was denied the opportunity to confront the victim at his competency hearing. Although Appellant himself was not in the courtroom at the time, the record reflects that his counsel was given an opportunity to inquire. We cannot find any objection on the record made by Appellant at trial. Once again, an appellate court, and thus appellate counsel, can only address the record as it is presented on appeal. Hence, we cannot find that Appellant's appellate counsel was ineffective for failing to raise this issue in his direct appeal.
 {¶ 53} In conclusion, all of Appellant's arguments herein lack merit and his application for reopening is hereby denied.
Donofrio, J., concurs.
Waite, J., concurs.
 DeGenaro, P.J., concurs; see concurring opinion. *Page 12