OPINION AND JOURNAL ENTRY
{¶ 1} Appellant Jack Davis has filed an application to reopen his direct appeal pursuant to App.R. 26(B)(5), which states: "An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."
 {¶ 2} Appellant argues that he was denied the effective assistance of appellate counsel because his counsel failed to prepare effective arguments on appeal. He claims that his appellate counsel failed to raise on appeal that his trial counsel erred when he failed to object to testimony of past acts of sexual abuse and in failing to secure a medical expert on his behalf. Appellant also states that the trial court committed prejudicial error when it allowed the prosecution to introduce an inflammatory photograph of the victim. Appellee, the State of Ohio, has not filed a response.
 {¶ 3} A criminal defendant is entitled to effective assistance of appellate counsel on a first appeal as of right. State v. Rojas (1992),64 Ohio St.3d 131, 592 N.E.2d 1376. The Ohio Supreme Court has held that, "[t]he two-pronged analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether [an applicant] has raised a `genuine issue' as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5)." State v. Palmer (2001), 92 Ohio St.3d 241, 243,749 N.E.2d 749. Thus, in order to show ineffective assistance of appellate counsel, Appellant must show that his appellate counsel was, "`deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he *Page 3 
presented those claims on appeal.'" Id., quoting State v. Sheppard
(2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770.
 {¶ 4} Regardless of the merits of Appellant's assertions, his application for reopening is deficient for several other reasons. The application was not timely filed; Appellant failed to provide the requisite sworn statement in support; and his claims are barred by res judicata.
 {¶ 5} First, Appellant's application for reopening was not timely filed. "An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(1).
 {¶ 6} Our underlying appellate decision was journalized March 23, 2007. Appellant's application for reopening was filed November 5, 2007. Thus, more than seven months passed after our prior decision was issued and before Appellant's application was filed.
 {¶ 7} Appellant recognizes that his application for reopening was untimely and attempts to explain away his tardiness stating, "the appellate briefs and the Court's opinion was not delivered to Appellant by his Appellate Counsel until late summer/early fall of 2007." Accordingly, he asks us to address the merits of his untimely application for reopening. While it is possible that counsel's untimely delivery of our prior decision may constitute good cause for an untimely application for reopening, Appellant has completely failed to provide us with an affidavit affirming the basis for his claims. *Page 4 
 {¶ 8} App.R. 26(B)(2)(d), states: "An application for reopening shall contain all of the following: * * * [a] sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record[.]"
 {¶ 9} Appellant has failed to provide us with an affidavit as required. An applicant's failure to submit a sworn statement as required by App.R. 26(B)(2)(d) is sufficient reason to deny an application to reopen an appeal. State v. Ballinger, 8th Dist. No. 79974, 2003-Ohio-145, ¶ 5, citing State v. Lechner (1995), 72 Ohio St.3d 374,650 N.E.2d 449. Thus, Appellant's failure in this case to submit the required affidavit warrants our denial of his application.
 {¶ 10} Finally, Appellant has not filed an appeal from our decision to the Supreme Court of Ohio, and he has not explained his failure to do so. The issue of effective assistance of appellate counsel must be addressed as soon as possible. State v. Williams (1996),74 Ohio St.3d 454, 659 N.E.2d 1253. "`Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by resjudicata unless circumstances render the application of the doctrine unjust.'" Ballinger, at ¶ 6, quoting State v. Murnahan (1992),63 Ohio St.3d 60, 66, 584 N.E.2d 1204. Appellant possessed an earlier opportunity to challenge the performance of his appellate counsel in an appeal to the Supreme Court of Ohio, *Page 5 
which he did not pursue. As such, the principles of res judicata also appears to prevent our reopening of his appeal. Ballinger, at ¶ 7.
 {¶ 11} For all of the foregoing, Appellant's application to reopen his appeal is denied.
 Donofrio, J., concurs. Waite, J., concurs. DeGenaro, P.J., concurs. *Page 1