[Cite as *State v. Parks*, 2023-Ohio-1360.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JAMES M. PARKS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 CO 0004**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 03 CR 227

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Vacated and Reinstated.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Alec A. Beech*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office, 135 South Market Street, Lisbon, Ohio  44432, for Plaintiff-Appellee and

*Atty. James R. Wise*, Hartford & Wise, Co., LPA, 91 West Taggart, P.O. Box 85, East Palestine, Ohio 44413, for Defendant-Appellant.

Dated:  April 25, 2023

**Hanni, J.**

{¶1} Defendant-Appellant, James M. Parks, appeals from a Columbiana County Common Pleas Court judgment resentencing him on one count of rape.

{¶2} A Columbiana County Grand Jury indicted Appellant on August 1, 2003 on one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(b), with the specifications that the victim was a child less than ten years of age and that Appellant compelled the victim to submit by force or threat of force.

{¶3} The matter proceeded to a jury trial on February 4, 2004, where the jury found Appellant guilty as charged. On March 4, 2004, the trial court sentenced Appellant to life in prison. The court also designated Appellant as a Sexual Predator, noting Appellant's stipulation to the designation and his conviction for six additional counts of rape of the same child victim in Carroll County.

{¶4} Appellant filed a direct appeal in this court. *State v. Parks*, 7th Dist. Columbiana No. 04 CO 19, Carroll No. 04 CA 803, 2005-Ohio-6926. We affirmed his convictions. *Id.* Appellant subsequently filed an application to reopen his appeal. *State v. Parks*, 7th Dist. Columbiana No. 04 CO 19, 2007-Ohio-3145. We denied this application. *Id.*

{¶5} On May 17, 2011, Appellant filed a pro se motion to void judgment, which the trial court denied. Appellant filed an appeal from this judgment. *State v. Parks*, 7th Dist. Columbiana No. 11 CO 20, 2012-Ohio-3010. We affirmed the trial court's judgment. *Id.*

{¶6} On July 19, 2017, Appellant filed a pro se motion for a new trial, which the trial court denied on August 9, 2017. Appellant once again appealed to this court. *State v. Parks*, 7th Dist. Columbiana No. 17 CO 0027, 2018-Ohio-3975. We affirmed the trial court's judgment. *Id.*

{¶7} On May 2, 2019, Appellant filed a pro se motion for resentencing. He argued his sentence was void "due to the imposition of a sentence without defining the proper term of imprisonment via the exclusion of the period for eligibility for parole for the term of incarceration." He claimed the life imprisonment sentence did not properly

address parole and post-release control. Plaintiff-Appellee, the State of Ohio, filed a response stating it did not oppose Appellant's motion for resentencing because the record did not indicate term limits for parole or post-release control.

**{¶8}** The trial court found that Appellant's sentencing judgment entry did not comply with R.C. 2971.03(A)(3)(b)(ii). Therefore, the court granted Appellant's motion for resentencing and set the matter for resentencing.

**{¶9}** At the December 9, 2019 resentencing hearing, the trial court gave Appellant an advisement of a five-year post-release control term and re-imposed his life sentence. The court then entered judgment accordingly on December 10, 2019.

**{¶10}** On March 3, 2020, Appellant filed a motion for leave to file a delayed appeal, which this court overruled. On May 3, 2022, Appellant filed a motion for reconsideration, which this court granted on June 8, 2022. Appellant now raises a single assignment of error for our review.

**{¶11}** Appellant's sole assignment of error states:

THE TRIAL COURT FAILED TO PROPERLY RESENTENCE THE DEFENDANT PURSUANT TO LAW.

**{¶12}** Appellant argues that at the resentencing hearing he was entitled to a de novo resentencing. Instead of a de novo resentencing, Appellant states, the trial court simply imposed the previous sentence of life in prison and added a post-release control advisement.

**{¶13}** But the trial court erred in even holding a resentencing hearing in this case. Pursuant to the doctrine of res judicata, "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

**{¶14}** In *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 1, the Ohio State Supreme Court held that:

Case No. 20 CO 0004

When a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing post-release control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal.

{¶15} In so holding, the Court determined that because an error in the imposition of post-release control renders a sentence voidable, as opposed to void, the issue must be raised on direct appeal. *Id.* at ¶ 41. The failure to raise an error with the imposition, or lack thereof, of post-release control on direct appeal causes the issue to be barred by the doctrine of res judicata. *Id.*

{¶16} The Supreme Court reiterated its holding in *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, where it found that because res judicata precluded a collateral attack on Bates's sentence for improper imposition of post-release control, the trial court's resentencing entry was improper and, therefore, of no effect. *Id.* at ¶ 32.

{¶17} In this case, Appellant did not raise the issue of whether the trial court properly imposed post-release control or informed him of parole in his direct appeal. Based on the Ohio Supreme Court's holdings in *Harper* and *Bates*, the trial court should not have entertained Appellant's motion for resentencing. The issue was barred by the doctrine of res judicata.

{¶18} Accordingly, Appellant's assignment of error is without merit and is overruled.

{¶19} For the reasons stated above, the trial court's December 10, 2019 judgment is vacated. The trial court's March 4, 2004 judgment is reinstated.


Waite, J., concurs.

Robb, J., concurs.


Case No. 20 CO 0004

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled.  The trial court's December 10, 2019 judgment is vacated.  The trial court's March 4, 2004 judgment is reinstated.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**