OPINION AND JUDGMENT ENTRY
{¶ 1} Relator John E. Wells, Sr., has filed a petition for writ of mandamus and/or procedendo to compel the Jefferson County Court of Common Pleas to issue a final order of conviction and sentence in his criminal case. Relator contends that the judgment entry sentencing him, filed in 1997, is not a final appealable order in light of the recent Ohio Supreme Court case of State v. Baker, 119 Ohio St.3d 197,2008-Ohio-3330, 893 N.E.2d 163. For the following reasons, we dismiss this petition for writ of mandamus.
 {¶ 2} A writ of mandamus is defined as, "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. A writ of mandamus may be granted if the court finds that the relator: (1) has a clear legal right to the relief requested; (2) respondent is under a clear legal duty to perform the requested act; and (3) that relator has no plain and adequate remedy at law. State ex rel. Rogers v.Taft (1992), 64 Ohio St.3d 193, 594 N.E.2d 576; State ex rel. Hodges v.Taft (1992), 64 Ohio St.3d 1, 3, 591 N.E.2d 1186. In order to constitute an adequate remedy at law, the alternative must be complete, beneficial, and speedy. State ex rel. Smith v. Cuyahoga Cty. Court of CommonPleas, 106 Ohio St.3d 151, 2005-Ohio-4103, 832 N.E.2d 1206, ¶ 19.
 {¶ 3} In 1997, Relator was convicted in the Jefferson County Court of Common Pleas on three counts of rape and two counts of rape by force or threat of force. He was sentenced to two life sentences and three ten-year terms of *Page 2 
imprisonment, to be served consecutively. Relator appealed the judgment to this Court, and we affirmed the conviction and sentence on March 22, 2000. State v. Wells (Mar. 22, 2000), 7th Dist. No. 98-JE-3.
 {¶ 4} Relator contends, pursuant to Baker, that a proper final order in a criminal case consists of four elements: (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Relator cites Crim. R. 32(C) and the syllabus of Baker in support. Relator further argues that the sentencing judgment entry in his criminal case, filed on December 24, 1997, is not a final appealable order because it fails to set forth the manner or means of conviction.
 {¶ 5} Assuming arguendo that there is some discrepancy between Relator's sentencing entry and the holding of Baker, it is nevertheless clear that a writ of mandamus cannot be issued in this case.Baker was decided by the Ohio Supreme Court on July 9, 2008. We affirmed Relator's conviction and sentence on March 22, 2000, more than eight years before Baker was decided. Relator further appealed to the Ohio Supreme Court, and the appeal was dismissed on August 2, 2000. State v.Wells (2000), 89 Ohio St.3d 1465, 732 N.E.2d 998. The recentBaker holding cannot be applied retroactively to a case in which the direct appeal became final almost eight years prior to the dateBaker was decided. Although a new interpretation of a rule or statute by the Ohio Supreme Court is generally applied to cases that are then pending on appeal, this new interpretation is not applied to cases that have already completed the direct appeal process. State v. Evans (1972),32 Ohio St.2d 185, 186, *Page 3 291 N.E.2d 466. A new rule of law issued by the Ohio Supreme Court only applies to active cases pending on the date of announcement of the new rule. State v. Lynn (1966), 5 Ohio St.2d 106, 108, 214 N.E.2d 226.
 {¶ 6} Relator's direct appeal of his conviction and sentence became final on August 2, 2000, when his appeal was dismissed by the Ohio Supreme Court. The recent Baker holding does not apply to his case. Therefore, we cannot offer any relief based on the holding ofBaker. Furthermore, Relator could have raised the issue of the status of the sentencing judgment entry and whether it was final and appealable either in his direct appeal to this Court, or in his further appeal to the Ohio Supreme Court. Relator had an adequate remedy at law by way of direct appeal, and therefore, he cannot meet the third element for the issuance of a writ of mandamus.
 {¶ 7} Relator's petition for writ of mandamus is denied.
 {¶ 8} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules. *Page 1