OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Pro se Appellant, Brandon Moore, appeals the February 5, 2008 decision of the Mahoning County Court of Common Pleas that resentenced Moore to maximum consecutive prison sentences for aggravated robbery, rape, kidnapping and aggravated menacing. Counsel for Moore filed a no merit brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493
and State v. Toney (1970), 23 Ohio App.2d 203, 52 O.O.2d 304,262 N.E.2d 419, and requested leave to withdraw from the case. Moore's pro-se brief argues that his resentencing pursuant to Foster constituted a violation of the Due Process and Ex Post Facto Clauses. It has been well established that Foster does not violate due process or the prohibition against ex post facto laws. After a thorough review of the filings, transcripts, and pro-se argument for this case, we agree that there is no meritorious issue on appeal. Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.
 {¶ 2} On October 2, 2002, subsequent to a trial by jury, Moore was convicted on 12 counts of aggravated robbery, rape, complicity to rape, kidnapping, conspiracy to commit aggravated robbery, and aggravated menacing, along with 11 firearm specifications. The trial court imposed maximum consecutive sentences on all counts for a total of 141 years. Moore appealed that decision and on June 24, 2005, this court partially reversed and remanded the decision. State v. Moore, 161 Ohio App.3d 778,2005-Ohio-3311, 832 N.E.2d 85. On remand, the trial court merged some of Moore's firearm specifications, acknowledged the dismissal of one count, imposed maximum sentences for the remaining counts for a total of 112 years, and made the findings required by the then current law to run the sentences consecutively. Moore applied to reopen his direct appeal based on a speedy trial violation claim, which was denied by this court on October 20, 2005 as meritless. State v. Moore, 7th Dist. No. 02 CA 216,2005-Ohio-5630.
 {¶ 3} Subsequent to the Ohio Supreme Court's decision inFoster, Moore filed another appeal. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. This court vacated and remanded Moore's case for resentencing pursuant to Foster. State v. *Page 2 Moore, 7th Dist. No. 05 MA 178, 2007-Ohio-7215. The trial court held a third sentencing hearing on January 4, 2008, and explained at length all of the factors it considered pursuant to R.C. 2929.11 and R.C. 2929.12
in order to arrive at its sentencing decision. The trial court issued a sentencing entry on February 5, 2008, re-imposing the 112 year prison term and designating Moore as a Tier III sexual offender. This third appeal followed. Moore's appointed counsel filed a no merit brief and request to withdraw, pursuant to Anders and Toney, supra. Moore was given the opportunity to file his own appellate brief, which he did on November 3, 2008, identifying one assignment of error.
 {¶ 4} This court has identified seven issues and considerations for our review of non-merit briefs:
 {¶ 5} "1. An indigent accused has a constitutional right to court-appointed counsel for the purposes of appeal from his conviction.
 {¶ 6} "2. Court-appointed counsel should conscientiously examine the record of the trial court and present any assignments of error which could arguably support the appeal.
 {¶ 7} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 8} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 9} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 10} "6. Where the Court of Appeals make such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied. *Page 3 
 {¶ 11} "7. Where the Court of Appeals determines that an indigents appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed. Toney at syllabus.
 {¶ 12} In the present case, counsel for Moore noted that this is the third time Moore's case has been before this court, that the most recent appearance before the trial court was for the limited purpose of resentencing pursuant to the Ohio Supreme Court's decision inFoster, and that the trial court exercised its discretion in imposing Moore's sentence pursuant to Foster. Counsel concluded that he was unable to identify any issue that could arguably support an appeal.
 {¶ 13} We proceed to examine the entire record below, along with the assignment of error identified by Moore pro-se, to determine if his appeal wholly lacks merit. Given that we last remanded this case solely for resentencing pursuant to Foster, our review of Moore's case is limited to issues within Moore's most recent sentencing hearing, specifically, whether the trial court followed the mandates ofFoster in reaching its sentencing decision.
 {¶ 14} When reviewing a felony sentence, an appellate court first reviews the sentence de novo to ensure that the sentencing court clearly and convincingly complied with the applicable laws. State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 4. If this inquiry is satisfied, we then review the trial court's decision for abuse-of-discretion. Id. A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. Id. at ¶ 15. An abuse of discretion, "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 15} Trial courts have the discretion to impose a sentence within the statutory range for the offense, and are not required to give reasons for imposing more than the minimum sentence. Kalish at ¶ 11, quoting State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, *Page 4 845 N.E.2d 470, at ¶ 100. The courts still must carefully consider all of the statutes that apply to the felony case, including R.C. 2929.11
and R.C. 2929.12, which provide guidance regarding the purposes of sentencing and factors indicating or counter-indicating the seriousness of the offense or the likelihood of recidivism. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, N.E.2d, at ¶ 38. However, the record need not indicate anything beyond the fact that the court considered such statutes. State v. Jones, 7th Dist. No. 05CR375, 2008-Ohio-3336, at ¶ 14.
 {¶ 16} In this case, Moore had ultimately been convicted and sentenced for the following offenses: three counts of aggravated robbery, in violation of R.C. 2911.01(A1C), with firearm specifications pursuant to R.C. 2941.145(A); three counts of rape, in violation of R.C. 2907.07(A2B), with firearm specifications pursuant to R.C. 2941.145(A); three counts of complicity to rape, in violation of R.C. 2923.03(A2F) and R.C. 2907.02(A2B), with firearm specifications pursuant to R.C. 2941.145(A); one count of kidnapping, in violation of R.C. 2905.01(A4C), with a firearm specification pursuant to R.C. 2941.145(A); and one count of aggravated menacing, in violation of R.C. 2903.21(AB). These counts total ten first-degree felonies, each with firearm specifications, and one first-degree misdemeanor. The statutory sentence range for a first degree felony is three to ten years, and the statutory sentence range for a first degree misdemeanor is up to six months. R.C. 2929.14(A)(1); R.C. 2929.24(A)(1). The sentencing court imposed a sentence of ten years for each first degree felony offense, and a sentence of six months for the first degree misdemeanor offense, thus within the sentencing ranges for each offense. Firearm specifications pursuant to R.C. 2941.145 carry three-year mandatory prison terms, which the trial court imposed in compliance with the statute. The trial court also stated that it took the guidance of R.C. 2929.11 and R.C. 2929.12 into consideration, and explicitly stated that it would not rely on sections of Chapter 2929 rendered unconstitutional by Foster. The trial court's imposition of each sentence was thus not contrary to law.
 {¶ 17} The trial court heard statements from Moore, Moore's mother, counsel for both sides, and took such statements into consideration. The trial court stated that it *Page 5 
considered the principles and policies behind sentencing, took into account the age of both the defendant and the victim, and listed many seriousness and recidivism factors. The trial court's thorough consideration of such factors indicates that it did not proceed in an unreasonable, arbitrary or unconscionable manner by imposing maximum and consecutive sentences.
 {¶ 18} Pursuant to the guidelines of Toney, this court has conducted a thorough examination of the record. As this is the third appeal of Moore's original case, most issues are res judicata for the purposes of this appeal. The resentencing hearing and subsequent sentence were decided in accordance with the law and within the discretion of the sentencing court. We conclude, as did counsel, that there are no arguable non-frivolous issues that could be presented on appeal.
 {¶ 19} Moore puts forth the following sole assignment of error:
 {¶ 20} "The imposition of maximum consecutive sentences to first time offender whose offenses occurred prior to State v. Foster pursuant to the revised statute is unconstitutional because the revised statutes' statutory maximum sentences are significantly higher than those in effect when the Appellant was originally sentenced. See Rogers v.Tennessee (2001), 532 U.S. 451, 457, 121 S.Ct. 1693. As a result, the sentence violates the due process clauses of the United States Constitution."
 {¶ 21} Moore argues that the application of Foster violates the prohibition against ex post facto laws because it involves an expansion of the maximum sentences allowed by statute. Moore indicates that this expansion occurs because Foster eliminated the presumptions of minimum concurrent terms that existed at the time of Moore's offenses.
 {¶ 22} Upon review of Moore's most recent sentencing transcript, Moore failed to raise his ex post facto and due process arguments before the trial court at his resentencing hearing. It is therefore not necessary for this court to reach the merits of Moore's argument. By failing to raise the issue below, Moore cannot compel this court to address the merits of his claim. State v. Davis, 116 Ohio St.3d 404, 2008-Ohio-2,880 N.E.2d 31, at ¶ 377, citing State v. Awan (1986), 22 Ohio St.3d 120,22 OBR 199, 489 N.E.2d 277, syllabus. *Page 6 
 {¶ 23} Even if this court addresses the merits of Moore's appeal, his argument fails. This court has conclusively determined that the retroactive application of Foster does not violate the Ex Post Facto Clause or a defendant's right to due process of law. State v.Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572, appeal not allowed by115 Ohio St.3d 1410, 2007-Ohio-4884, 873 N.E.2d 1315. More specifically, the statutory range of punishment for crimes did not expand pursuant toFoster, contrary to what Moore claims. State v. Stone, 7th Dist. No. 08 MA 64, 2008-Ohio-6296, at ¶ 8. Although the sentencing court's obligations have evolved, "the statutory range of punishment a criminal defendant faced before Foster is the same as they face afterFoster." Id., citing Palmer at ¶ 63-67. The sentencing range for felonies is delineated in R.C. 2929.14(A), a section which was unaffected by Foster. "As such, a post-Foster offender will still be subject to the same range of punishment as he would have prior toFoster, i.e. the offenders had notice of the range of statutory ranges and maximum sentences." State v. Hawkins, 7th Dist. No. 07 JE 14,2008-Ohio-1529, at ¶ 26.
 {¶ 24} Because Moore's argument is the same as the arguments we have rejected in Palmer and subsequent cases, we will continue to adhere to our prior decisions and conclude that the trial court did not violate Moore's rights under the Due Process and Ex Post Facto Clauses when resentencing him pursuant to Foster. Moore's sole assignment of error is meritless. Accordingly, the judgment of the trial court is affirmed and counsel's motion to withdraw is granted.
Vukovich, P.J., concurs.
Waite, J., concurs. *Page 1