THE STATE EX REL. WELLS, APPELLANT, *v.* JEFFERSON COUNTY

COURT OF COMMON PLEAS ET AL., APPELLEES.

[Cite as *State ex rel. Wells v. Jefferson Cty. Court of Common Pleas,*

**122 Ohio St.3d 39, 2009-Ohio-2358.]**

*Appeal from dismissal of a petition for writs of mandamus and procedendo –*

*Adequate remedy at law available – Judgment affirmed.*

(No. 2009-0182 ─ Submitted May 19, 2009 ─ Decided May 27, 2009.)

APPEAL from the Court of Appeals for Jefferson County,

No. 08 JE 28, 2008-Ohio-6972.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals dismissing a complaint for writs of mandamus and procedendo.  Appellant, John E. Wells Sr., failed to allege with the requisite factual specificity that he lacked an adequate remedy at law to raise his claim that he is entitled to a new sentencing entry that complies with Crim.R. 32(C).  Inmates are required to plead specific facts rather than unsupported conclusions.  *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 13.  In the absence of pleading specific facts that he had requested that his trial court issue a revised sentencing entry, Wells had an adequate remedy in the ordinary course of law by motion in the trial court.  *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, ¶ 8-9.  Finally, Wells cannot add new matter to the record on appeal to attempt to establish that the trial court had, in fact, rejected his motions for resentencing. *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

John E. Wells Sr., pro se.

Thomas R. Straus, Jefferson County Prosecuting Attorney, for appellees.

_____