THE STATE EX REL. LUCAS COUNTY BOARD OF MENTAL RETARDATION & DEVELOPMENTAL DISABILITIES, APPELLANT, *v.* PUBLIC EMPLOYEES RETIREMENT BOARD ET AL., APPELLEES.

[Cite as *State ex rel. Lucas Cty. Bd. of Mental Retardation & Dev. Disabilities v. Pub. Emps. Retirement Bd.,* 123 Ohio St.3d 146, 2009-Ohio-4694.]

*Mandamus — Writ sought to compel Public Employees Retirement Board to vacate a decision determining that claimants were carryover public employees under R.C. 145.01(A)(2) — Court of appeals' denial of writ affirmed.*

(No. 2008-2314 ─ Submitted September 2, 2009 ─ Decided September 16, 2009.)

APPEAL from the Court of Appeals for Franklin County, No. 07AP-582, 179 Ohio App.3d 439, 2008-Ohio-5754.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of mandamus sought by appellant, Lucas County Board of Mental Retardation and Developmental Disabilities[1] ("Lucas County MRDD"), to compel appellee Ohio Public Employees Retirement Board to vacate its decision that appellees Anita Allen, Monica Armstrong, and Mary C. Dunn-Brock ("claimants") were carryover employees of the Lucas County MRDD while employed with Community Living Options, Inc. ("CLO"), a nonprofit corporation, and to enter a decision that the claimants were not carryover employees while employed at CLO and thus were not entitled to public-employee service credit for that employment.

--------

1. The General Assembly has enacted Sub.S.B. No. 79, which, inter alia, changes the names of county boards of mental retardation and developmental disabilities to county boards of developmental disabilities. It is scheduled to become effective in early October.

Because the retirement board did not abuse its discretion in so deciding, we affirm the judgment of the court of appeals denying the writ of mandamus.

**Creation and Implementation of Supported-Living Services**

{¶ 2} "Supported living" includes services provided to mentally retarded and developmentally disabled individuals to enable them to live in a residence of their choice. R.C. 5126.01(U)(1)(a). Before the 1989 enactment of Am.Sub.H.B. No. 257, 143 Ohio Laws, Part III, 3855, Lucas County MRDD had not provided supported-living services to mentally retarded and developmentally disabled individuals in Lucas County. Lucas County MRDD had previously provided residential services only to qualifying individuals residing in group homes. Under the amendment, county boards of mental retardation and developmental disabilities were required to select county residents for which supported living was to be provided and to identify these residents' individual service needs. R.C. 5126.41, formerly R.C. 5126.45. County boards were authorized to enter into contracts with other boards and entities, including private, nonprofit corporations, to provide the required services. R.C. 5126.05(C).

{¶ 3} In October 1989, the Lucas County MRDD accepted an appropriation from the Ohio Department of Mental Retardation and Developmental Disabilities for the specific purpose of planning, developing, and implementing supported-living services. The Lucas County MRDD specified that its intent in accepting the appropriation was to assume all incumbent responsibilities in accordance with R.C. 5126.40 to 5126.47 "for the coordination and management of supported living services."

{¶ 4} Lucas County MRDD subsequently created CLO, a nonprofit corporation, with the intent to transfer administration of the supported-living program from the board to the corporation. CLO was incorporated in December 1990. In March 1991, Lucas County MRDD entered into a contract with CLO in which CLO would operate specified functions of the board's supported-living

program, including the selection of supported-living providers, the development, negotiation, monitoring, and auditing of supported-living contracts, the development of generic and nonpaid services and support, and assistance with ongoing needs assessments.

{¶ 5} In the interim between Lucas County MRDD's acceptance of the state appropriation to provide supported-living services and its contract with CLO for the administration of the services by the nonprofit corporation, Lucas County MRDD provided supported-living services.

### Claimants' Employment with Lucas County MRDD and with CLO

{¶ 6} The claimants, Anita Allen, Monica Armstrong, and Mary C. Dunn-Brock, worked initially as case managers for Lucas County MRDD. Allen later became a habilitation coordinator for the board. The claimants resigned their positions with Lucas County MRDD and began working for CLO as quality-assurance coordinators and specialists.

### Retirement-System Proceedings

{¶ 7} In 2004, the Ohio Public Employee Retirement System ("PERS") issued staff determinations finding that claimants were carryover public employees while employed by CLO. Lucas County appealed, and in 2006, the retirement system's general counsel issued a senior-staff membership determination upholding the previous PERS staff decisions.

{¶ 8} On further appeal by the county to the retirement board pursuant to Ohio Adm.Code 145-1-11, a PERS hearing examiner held a hearing. At the hearing, claimant Anita Allen testified that the duties performed by the claimants with Lucas County MRDD before they resigned were the same as or similar to the duties they performed with CLO. Whether they were employed as a case manager or a habilitation coordinator at Lucas County MRDD, or as a quality-assurance coordinator or specialist at CLO, the claimants assessed and monitored the needs of mentally retarded and developmentally disabled clients. Lori Stanfa,

the first executive director of CLO, testified that when CLO first began operations, the Lucas County MRDD case managers initially assisted in developing the plans for supported-living clients until CLO "took over that function later."

{¶ 9} The hearing examiner issued a comprehensive report in which he recommended that the retirement board uphold the PERS senior-staff determination that claimants were carryover employees — and were therefore entitled to PERS service credit – when they worked for CLO. In his report, the hearing examiner found that the "county's case managers and habilitation coordinators who became CLO quality assurance specialists and coordinators continued * * * to perform the core function of providing housing and habilitation resources to persons with mental retardation and developmental disabilities."

{¶ 10} In February 2007, the retirement board accepted the hearing examiner's findings of fact and conclusions of law and found that claimants were public employees while employed with CLO and were thus eligible for PERS service credit as carryover employees for these periods.

**Mandamus Case**

{¶ 11} Lucas County MRDD filed an action in the Court of Appeals for Franklin County challenging the retirement board's decision. In a subsequent amended complaint, Lucas County MRDD requested a writ of mandamus to compel the retirement board to vacate its decision that the claimants were carryover public employees while employed with CLO and to enter a decision that the county board was not liable for PERS contributions for the claimants' CLO employment. The retirement board submitted a certified record of the PERS administrative proceedings, and the parties filed briefs on the merits of the mandamus claim.

{¶ 12} A court of appeals magistrate issued a decision recommending that the court deny the requested writ of mandamus. In November 2008, the court of

appeals overruled Lucas County MRDD's objections to the magistrate's decision and denied the writ.

{¶ 13} This cause is now before the court upon Lucas County MRDD's appeal as of right from the judgment denying the writ.

**Mandamus to Remedy Abuse of Discretion by Retirement Board**

{¶ 14} For the standard of review, Lucas County MRDD initially claims that the court should treat the court of appeals' judgment as a summary judgment because the court of appeals, "by dismissing Appellant's Complaint for Writ of Mandamus essentially granted Appellees a motion for summary judgment." This contention lacks merit. The court of appeals did not dismiss the mandamus action or grant summary judgment; instead, the court denied the writ based on the merits as presented by the administrative record and the parties' briefs.

{¶ 15} Lucas County MRDD seeks a writ of mandamus to compel the retirement board to vacate its decision to award PERS service credit to claimants for the time that they were employed by CLO. "[M]andamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body." *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14. In the absence of a statutory right to appeal the retirement board's determination of PERS service credit, mandamus is an appropriate remedy. *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 24.

{¶ 16} To be entitled to the requested writ of mandamus, Lucas County MRDD was required to establish that the retirement board abused its discretion by determining that the claimants were entitled to PERS service credit. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, 899 N.E.2d 975, ¶ 25. To prove an abuse of discretion, Lucas County MRDD must show that the retirement board's decision was unreasonable, arbitrary, or

unconscionable. Id. In addition, the retirement board does not abuse its discretion if there is sufficient evidence to support its determination. See *State ex rel. Marchiano v. School Emps. Retirement Sys.*, 121 Ohio St.3d 139, 2009-Ohio-307, 902 N.E.2d 953, ¶ 21; *State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 19-20.

### R.C. 145.01(A)(2) Carryover Public Employees

{¶ 17} The retirement board is vested with the general administration and management of PERS. R.C. 145.04. "In all cases of doubt, the public employees retirement board shall determine whether any person is a public employee, and its decision is final." R.C. 145.01(A)(4); see also Ohio Adm.Code 145-1-11(D) ("The retirement board's decision on any determination conducted pursuant to this rule shall be final and determinative").

{¶ 18} Membership in the retirement system "is compulsory upon being employed and shall continue as long as public employment continues." R.C. 145.03(A). The retirement board concluded that the claimants were public employees entitled to PERS service credit for their employment with CLO because they were carryover employees continuing their public employment under R.C. 145.01(A)(2).

{¶ 19} R.C. 145.01(A)(2) includes as public employees entitled to PERS credit those PERS members who perform duties the same as or similar to duties that they had previously performed for a public entity when they leave public employment to work for a contractor that has contracted to take over what was a publicly operated function:

{¶ 20} "(A) 'Public employee' means:

{¶ 21} "* * *

{¶ 22} "(2) A person who is a member of the public employees retirement system and who continues to perform the same or similar duties under the direction of a contractor who has contracted to take over what before the date of

6

the contract was a publicly operated function.  The governmental unit with which the contract has been made shall be deemed the employer for purposes of administering this chapter."

**Same or Similar Duties**

**{¶ 23}** Lucas County MRDD asserts that the retirement board abused its discretion in determining that the claimants were carryover public employees under R.C. 145.01(A)(2) because there was no evidence that they performed the "same or similar duties" for CLO and the county board before they resigned.

**{¶ 24}** "In analyzing this statute, we determine the legislative intent by reading words and phrases in context and construing them in accordance with rules of grammar and common usage."  See *State ex rel. Shisler v. Ohio Pub. Emps. Retirement Sys.*, 122 Ohio St.3d 148, 2009-Ohio-2522, 909 N.E.2d 610, ¶ 18.  " 'Same' means 'resembling in every way' and 'identical,' and 'similar' means 'very much alike,' 'comparable,' and 'alike in substance or essentials.' " *State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 31, quoting Webster's Third New International Dictionary (1986) 2007 and 2120.

**{¶ 25}** The evidence before the retirement board included claimant Allen's testimony that the duties performed by the claimants as case managers and habilitation coordinator for Lucas County MRDD were similar to the duties they had performed as quality-assurance coordinators and specialists for CLO. The claimants assessed and monitored the needs of mentally retarded and developmentally disabled clients while working for both Lucas County MRDD and for CLO.  Allen also provided a detailed point-by-point comparison of the duties of case managers at the county board and quality-assurance coordinators at CLO.  There was thus sufficient evidence to support the retirement board's determination that the claimants performed duties at CLO similar to those that they had previously performed at Lucas County MRDD.

{¶ 26} Nor did the retirement board or PERS abuse its discretion by applying a core-function analysis to determine if the duties performed for the county board and for CLO were similar for purposes of R.C. 145.01(A)(2). They determined that the "county's case managers and habilitation coordinators who became CLO quality assurance specialists and coordinators continued * * * to perform the core function of providing housing and habilitation resources to persons with mental retardation and developmental disabilities." We must give due deference to their reasonable interpretation of the legislative scheme. See *State ex rel. Gill v. School Emps. Retirement Sys. of Ohio*, 121 Ohio St.3d 567, 2009-Ohio-1358, 906 N.E.2d 415, ¶ 28. As the court of appeals properly concluded, "examining the 'function' inherent in claimants' duties with [Lucas County MRDD] and with CLO necessarily indicates to what extent the jobs were similar." 179 Ohio App.3d 439, 2008-Ohio-5754, 902 N.E.2d 503, ¶ 5.

### Contractor Taking Over a Publicly Operated Function

{¶ 27} Lucas County MRDD next asserts that the retirement board abused its discretion in failing to consider that the claimants' positions with the county board were not outsourced, eliminated, or otherwise reassigned.

{¶ 28} The county board's argument lacks merit. It was necessary for the retirement board to find only that CLO had "contracted to take over what before the date of the contract was a publicly operated function." R.C. 145.01(A)(2). The evidence established that the county board accepted the state appropriation to provide supported-living services and assumed the responsibilities to coordinate and manage these services well before CLO started providing these services. CLO's first executive director admitted that CLO "took over" the function of developing plans for supported-living clients from case managers employed by the county board. This was sufficient evidence to support the retirement board's conclusion that CLO had taken over what had previously been a public function performed by the county board.

**{¶ 29}** Moreover, insofar as Lucas County MRDD attempts to rely on new matter that is not contained in the record on appeal, we cannot consider it. See *State ex rel. Wells v. Jefferson Cty. Court of Common Pleas*, 122 Ohio St.3d 39, 2009-Ohio-2358, 907 N.E.2d 1166, ¶ 1.

**{¶ 30}** Finally, Lucas County MRDD's reliance on *State ex rel. Mallory v. Pub. Emps. Retirement Bd.* (1998), 82 Ohio St.3d 235, 694 N.E.2d 1356, and *Van Dyke*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, is misplaced. Neither of those cases, in which we addressed the carryover provision of R.C. 145.01(A)(2), supports issuance of the requested writ of mandamus here.

### Conclusion

**{¶ 31}** Based on the foregoing, the retirement board acted neither unreasonably, arbitrarily, nor unconscionably in determining that the claimants were carryover public employees under R.C. 145.01(A)(2) during their employment as quality-assurance coordinators and specialists with CLO. The retirement board's decision is supported by sufficient evidence. Therefore, we affirm the judgment of the court of appeals denying the requested extraordinary relief in mandamus.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Julia R. Bates, Lucas County Prosecuting Attorney, and Andrew K. Ranazzi, Assistant Prosecuting Attorney, for appellant.

Richard Cordray, Attorney General, and Laura Erebia Parsons and Janyce C. Katz, Assistant Attorneys General, for appellee Ohio Public Employees Retirement Board.

Walter J. Gerhardstein Jr., for appellee Mary C. Dunn-Brock.

Vorys, Sater, Seymour & Pease, L.L.P., and Michael J. Settineri and Megan A. Robinson, for appellee Anita Allen.

_____