[Cite as *State ex rel. Ross v. Krichbaum*, 2010-Ohio-1541.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel., | ) | |
| BRANDON MOORE, | ) | |
| | ) | CASE NO. 09 MA 201 |
| RELATOR, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| JUDGE R. SCOTT KRICHBAUM, | ) | JUDGMENT ENTRY |
| COMMON PLEAS COURT JUDGE, | ) | |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:      Petition for Writ of Mandamus.

JUDGMENT:      Petition Granted in Part
and Denied in Part.

APPEARANCES:
For Relator:      Brandon Moore, Pro-se
#434-865
Mansfield Correctional Institution
P.O. Box 788
Mansfield, OH  44901

For Respondent:      Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Asst. Prosecuting Attorney
21 W. Boardman Street, 6th Floor
Youngstown, OH  44503

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  March 30, 2010

PER CURIAM:

{¶1} On December 30, 2009, Pro-se Relator Brandon Moore filed a petition for writ of mandamus and/or procedendo with this Court, seeking a writ to compel Respondent Judge Scott R. Krichbaum to issue a final appealable judgment entry of sentence for *State v. Moore*, Mahoning County Court of Common Pleas Case No. 02-CR-525 in compliance with Crim.R. 32(C) as set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Moore contends that he is entitled to a new sentencing hearing and a revised sentencing entry that specifies Moore's manner of conviction. Respondent Krichbaum has filed a combined answer and Civ.R. 12(C) motion for judgment on the pleadings, arguing that this Court may not retroactively apply *Baker* to Moore's original sentencing order, pursuant to our decision in *State ex rel. Wells v. Jefferson Cty. Court of Common Pleas*, 7th Dist. No. 08 JE 28, 2008-Ohio-6972, affirmed, 122 Ohio St.3d 39, 2009-Ohio-2358, 907 N.E.2d 1166.[1] Moore argues in his response and supplemental memorandum that this Court is obligated to retroactively apply *Baker* to his original sentencing order pursuant to *State ex rel Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805. Because we are bound to follow the Ohio Supreme Court's decision in *Culgan*, we must partially grant Moore's writs of mandamus and procedendo to compel Respondent to issue a sentencing entry that complies with Crim.R. 32(C).

{¶2} On October 2, 2002, subsequent to a trial by jury, Moore was convicted on twelve counts of aggravated robbery, rape, complicity to rape, kidnapping, conspiracy to commit aggravated robbery, and aggravated menacing, with accompanying firearm specifications. On October 29, 2002, the trial court issued a judgment entry of sentence imposing maximum consecutive sentences on all counts for a total of 141 years. Subsequent to Moore's direct appeal, this Court partially reversed and remanded the decision. *State v. Moore,* 161 Ohio App.3d 778, 2005-Ohio-3311, 832 N.E.2d 85. Moore

---

[1] Though the Ohio Supreme Court affirmed *Wells*, it did so on alternative grounds, and did not address the retroactivity issue.

then filed an application to reopen his direct appeal based on a speedy trial violation claim, which this Court denied. *State v. Moore,* 7th Dist. No. 02 CA 216, 2005-Ohio-5630.

**{¶3}** On remand, the trial court merged some of Moore's firearm specifications, acknowledged the dismissal of one count, imposed maximum sentences for the remaining counts for a total of 112 years, and made the findings required by the then current law to run the sentences consecutively. Moore filed a second appeal, contending that the trial court's sentencing decision violated the Ohio Supreme Court's recent decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. This court vacated and remanded Moore's case for resentencing in compliance with *Foster. State v. Moore,* 7th Dist. No. 05 MA 178, 2007-Ohio-7215.

**{¶4}** The trial court held a third sentencing hearing on January 4, 2008, and explained at length all of the factors it considered pursuant to R.C. 2929.11 and R.C. 2929.12 in order to arrive at its sentencing decision. The trial court issued a sentencing entry on February 5, 2008, re-imposing the 112 year prison term and designating Moore as a Tier III sexual offender. Moore filed a third appeal, contending that the trial court's compliance with *Foster* violated his constitutional rights to due process. Appellate counsel requested leave to withdraw from the case and filed a no merit brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 and *State v. Toney* (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.E.2d 419. This Court granted appellate counsel's motion to withdraw and affirmed the decision of the trial court. *State v. Moore*, 7th Dist. No. 08 MA 20, 2009-Ohio-1505.

**{¶5}** On September 17, 2009, Moore filed a pro se "Motion to Resentence Defendant" with the Mahoning County Court of Common Pleas. Respondent Judge R. Scott Krichbaum denied the motion on September 22, 2009. Moore then filed the present petition for writ of mandamus and/or procedendo with this Court. Moore pleaded specific facts in his petition, and attached a verification affidavit, an affidavit regarding the genuineness of his attached exhibits, a memorandum of law in support of his petition, and a combined affidavit of indigence and of prior civil actions.

**{¶6}** Moore contends that his original and subsequent sentencing entries did not

contain the guilty plea, the jury verdict, or the court finding upon which his convictions were based. Moore argues that his sentencing entry therefore did not constitute a final appealable order. Moore further argues that the appropriate remedy for his improper sentencing entry requires that the trial court both hold a new sentencing hearing and issue a judgment entry of sentence that complies with Crim.R. 32(C) and *Baker*.

{¶7} In order for a court to issue a writ of mandamus, a relator must have a clear legal right to the relief prayed for, the respondent must have a clear legal duty to perform the act requested, and the relator must have no plain and adequate remedy at law. *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, at ¶8. To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65, 1996-Ohio-350, 671 N.E.2d 24. "[P]rocedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, at ¶5. See, also, *Culgan*, supra, at ¶8; *State ex rel. Agosto v. Cuyahoga Cty. Court of Common Pleas*, 119 Ohio St.3d 366, 2008-Ohio-4607, 894 N.E.2d 314, at ¶8.

{¶8} Crim.R. 32(C) mandates that "[a] judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." The Ohio Supreme Court held in *Baker* that a proper final appealable order in a criminal case requires "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Baker* at syllabus. The decision specified that multiple documents could not constitute the required final appealable order. Id. at ¶15.

{¶9} In order to seek a remedy for an improper final order that is lacking any of these four requirements, a defendant must file a motion in the trial court requesting a revised sentencing entry. *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, 894

N.E.2d 312, at ¶8.   If the trial court refuses the defendant's motion for a revised sentencing entry, the defendant may compel the trial court to act by filing an action for a writ of mandamus or procedendo with the court of appeals.   Id. at ¶9.   The appropriate remedy for a trial court's failure to comply with Crim.R. 32(C) and *Baker* is a correction of the sentencing entry.   Id. at ¶10; *McAllister v. Smith*, 119 Ohio St.3d 163, 2008-Ohio-3881, 892 N.E.2d 914, at ¶7; *Culgan*, supra, at ¶11.

{¶10}  Moore's October 29, 2002 sentencing entry did not specify the guilty plea, the jury verdict, or the finding of the court upon which the convictions were based, and thus it did not constitute a final appealable order.   The State concedes that Moore's sentencing entry does not comply with *Baker*, but argues that Moore's petition should be dismissed because Moore did not include a verification affidavit or an affidavit regarding previous civil actions as required by R.C. 2731.04 and R.C. 2969.25(A).   However, Moore did include a verification affidavit on the final page of his petition, and also a statement that he had not filed any civil action or appeal in the last five years, which was included in his Combined Affidavit of Inmate Pursuant to R.C. 2969.21 et seq.   Thus the State is incorrect that Moore's petition should be dismissed on procedural grounds.

{¶11}  Additionally, the State argues that Moore's petition should be dismissed pursuant to this Court's holding that *Baker* cannot be applied retroactively, and that a defendant's remedy at law for an improper judgment entry of sentence would be a direct appeal.   *Wells* at ¶5-6.   Moore counters that this Court's analysis in *Wells* conflicts with the Ohio Supreme Court's application of *Baker* in *Culgan*.

{¶12}  In *Wells*, this Court considered whether a defendant was entitled to writs of mandamus and procedendo compelling the trial court to enter a sentencing entry that complied with Crim.R. 32(C), when his convictions in 1997 had been previously reviewed and affirmed on a direct appeal prior to the Ohio Supreme Court's July 9, 2008 decision in *Baker*.   This Court noted that although the defendant's sentencing entry did not comply with *Baker*, the "*Baker* holding cannot be applied retroactively to a case in which the direct appeal became final almost eight years prior to the date *Baker* was decided.   Although a new interpretation of a rule or statute by the Ohio Supreme Court is generally

applied to cases that are then pending on appeal, this new interpretation is not applied to cases that have already completed the direct appeal process. *State v. Evans* (1972), 32 Ohio St.2d 185, 186, 291 N.E.2d 466. A new rule of law issued by the Ohio Supreme Court only applies to active cases pending on the date of announcement of the new rule. *State v. Lynn* (1966), 5 Ohio St.2d 106, 108, 214 N.E.2d 226." *Wells* at ¶5. This Court further concluded that Wells had a prior adequate remedy at law through his opportunity to raise the sentencing formality issue in his direct appeal, and thus that mandamus could not lie. Id. at ¶6.

{¶13} In *Culgan,* the Supreme Court of Ohio considered whether a defendant was entitled to writs of mandamus and procedendo compelling the trial court to enter a judgment on his convictions that complied with Crim.R. 32(C), even though his convictions in 2002 had been previously reviewed and affirmed on a direct appeal. *Culgan* at ¶3. The Ohio Supreme Court concluded that the defendant was entitled to a new sentencing entry irrespective of prior appellate review, because the original sentencing entry did not constitute a final appealable order. Id. at ¶10-11. Because the Ohio Supreme Court applied *Baker* to Culgan's petitions even though Culgan's convictions and direct appeal had been finalized prior to the decision in *Baker*, this Court can no longer hold that *Baker* may only be applied prospectively. We therefore conclude that we are obligated to apply *Baker* retrospectively.

{¶14} The dissenting opinion in *Culgan* noted that the defendant was not deprived of the opportunity to appeal his convictions even though his sentencing entry did not specify the manner of conviction, and the appellate court was able to determine that the defendant had pleaded guilty to the counts for which he was convicted. *Culgan* at ¶15. Indeed, the injury from a formally improper sentencing entry as articulated in *Baker* is that "appellate review of the case would be impossible." *Baker* at ¶16. The dissenting opinion in *Culgan* concluded that the defendant had already been provided an adequate remedy at law through his appeal, and thus that the majority's conclusion compelled a vain act which elevated form over substance. *Culgan* at ¶16-17.

{¶15} In the case at hand, Moore was provided review of the merits of his case on

appeal, and further consideration of sentencing issues in two additional appeals. To say that Moore is now entitled to a new sentencing entry due to the possibility that "appellate review of the case would be impossible" truly does seem to elevate form over substance. However, because we can find no pertinent distinctions between the case at hand and that of *Culgan*, we find that we must reach the same conclusion issued in *Culgan* and grant Moore's writs to the extent that they demand a sentencing entry that complies with Crim.R. 32(C).

**{¶16}** Moore further argues that the trial court must be compelled to hold a new sentencing hearing in order to produce a valid sentencing entry. In support of his argument, Moore cites to the Ninth District's opinion in *Culgan* upon remand from the Ohio Supreme Court. *State v. Culgan*, 9th Dist. No. 08CA0080-M, 2009-Ohio-2783. On remand, the Ninth District noted that the trial court had issued a nunc pro tunc judgment entry in order to comply with the Ohio Supreme Court's decision. Id. at ¶5. The Ninth District reversed and remanded the trial court's nunc pro tunc entry, holding that the trial court was also required to resentence Culgan in compliance with *Foster*. Id. at ¶6. Moore contends that the Ninth District's conclusion indicates that he must be afforded a new sentencing hearing.

**{¶17}** We find that the Ninth District's post-remand decision does not apply to the case at hand for multiple reasons. The Ohio Supreme Court specified in *Foster* that the decision was only to be applied to cases then pending on direct review. *Foster* at ¶104. Culgan was sentenced on August 2, 2002, his sentence was affirmed by the Ninth District on May 28, 2003, and the Ohio Supreme Court declined further review on November 5, 2003. Culgan's case was therefore not pending on direct review when *Foster* was decided on February 27, 2006. Because *Foster* is limited to prospective application, we would not have reached the same conclusion as the Ninth District in *Culgan*. Moreover, Moore's case is factually distinguishable from *Culgan*, as Moore has already been resentenced in compliance with *Foster*. Moore cites no further authority to justify a new sentencing hearing, and we find no legal basis for the same. We conclude that Moore is not entitled to a new sentencing hearing, and is only entitled to a revised sentencing entry

pursuant to Ohio Supreme Court decisions in *Dunn*, *McAllister*, and *Culgan*, supra. We therefore deny Moore's writs to the extent that they demand a new sentencing hearing.

**{¶18}** Given the foregoing, we partially grant Moore's writs of mandamus and procedendo to compel Respondent to issue a revised sentencing entry that complies with Crim.R. 32(C).

**{¶19}** Costs taxed against Respondent. Final Order. Clerk to serve notice upon the parties as provided by the Civil Rules.

DeGenaro, J., concurs.

Donofrio, J., concurs.

Waite, J., concurs.