[Cite as *State v. Crockett*, 2010-Ohio-2787.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 09 MA 163 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| GARY CROCKETT, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:         Criminal Appeal from Common Pleas
                                                          Court, Case No. 06 CR 1294.


JUDGMENT:                                       Affirmed.


APPEARANCES:
For Plaintiff-Appellee:                        Attorney Paul J. Gains
                                                          Prosecuting Attorney
                                                          Attorney Ralph M. Rivera
                                                          Assistant Prosecuting Attorney
                                                          21 W. Boardman St., 6th Floor
                                                          Youngstown, OH  44503


For Defendant-Appellant:                   Attorney John Laczko
                                                          3685 Stutz Drive, Suite 100
                                                          Canfield, OH  44406


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                                          Dated:  June 10, 2010

DeGenaro, J.

{¶1} This timely appeal comes for consideration upon the record in the trial court, and defense counsel's no-merit brief and motion to withdraw. Defendant-Appellant, Gary Crockett, appeals the August 19, 2009 decision of the Mahoning County Court of Common Pleas that resentenced him on an aggravated murder charge with firearm specification.

{¶2} Appointed appellate counsel filed a no-merit brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 and *State v. Toney* (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.E.2d 419, and requested leave to withdraw from the case. Crockett failed to file a pro se brief. Thus, it is the duty of this Court to examine the record and determine if the appeal is frivolous. A thorough review of the case file reveals that there are no appealable issues, and that the appeal is in fact frivolous. Accordingly, the judgment of the trial court is affirmed and counsel's motion to withdraw is granted.

### Facts and Procedural History

{¶3} On November 21, 2006, a Mahoning County grand jury indicted Crockett on one count of aggravated murder, pursuant to R.C. 2903.01(A), with a separate firearm specification pursuant to R.C. 2941.145, and one count of having a weapon while under a disability pursuant to R.C. 2923.13(A)(3).

{¶4} The State alleged that Crockett, along with co-defendant Eric Lewis, murdered Martwain Dill, by opening fire on Dill as he sat in his pickup truck. Co-defendant Bertrum Moore, who drove the others to the scene to kill Dill, was indicted on a charge of complicity to commit aggravated murder. Lewis was indicted on a charge of aggravated murder with a firearm specification. The three were tried separately.

{¶5} Crockett's trial on the aggravated murder charge commenced on November 27, 2007. The charge of having a weapon under a disability was deferred. On December 4, 2007, the jury found Crockett guilty on the aggravated murder charge with gun specification. The State moved to dismiss the weapons under a disability charge. On

December 4, 2007, the trial court sentenced Crockett to life imprisonment with parole eligibility after 30 years consecutive to the mandatory three years in prison for the firearm specification.

{¶6} Crockett filed a timely appeal of the December 4, 2007 sentencing entry with this court, in which he presented five assignments of error: (1) unlawful imposition of post-release control; (2) violation of speedy trial rights; (3) ineffective assistance of counsel; (4) improper admission of a witness's prior recorded statement to police; and (5) cumulative error.

{¶7} On June 12, 2009, this court issued an opinion regarding Crockett's appeal in a decision styled *State v. Crockett*, 7th Dist. No. 07-MA-233, 2009-Ohio-2894 ("*Crockett I*"). This court overruled Crockett's second, third, fourth and fifth assignments of error, but found merit to his first assignment of error. Specifically, this court held that the trial court erred by imposing post-release control since the post-release control statute does not apply to aggravated murder, which is an unclassified felony. Id. at ¶8-9, citing R.C. 2967.28; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶35-36. Therefore this court concluded Crockett's sentence was contrary to law, vacated the sentence, and remanded for resentencing. *Crockett I* at ¶9.

{¶8} On August 19, 2009, Crockett appeared before the Mahoning County Court of Common Pleas for resentencing. During the hearing, the trial court considered the record, the oral statements of counsel, and this court's opinion. The trial court noted it had refreshed its recollection of the facts, the history of the cases and the co-defendants, and had accordingly rethought the case. The court heard arguments from both defense counsel and the prosecutor. The prosecutor indicated the victims had been notified of the resentencing but declined to appear. The trial court gave Crockett the opportunity to speak in mitigation of his sentence but he declined.

{¶9} Noting the horrible circumstances of the crime, the court resentenced Crockett to "a term of life imprisonment with parole eligibility after serving 30 full years of imprisonment," for the aggravated murder charge, and a "three years [sic] definite term of imprisonment to be served prior to and consecutive with the sentence of life imprisonment

with parole eligibility," for the firearm specification. Crockett was given credit for all time served up until that hearing along with credit for time served until he would resume his sentence at the appropriate institution. The trial court issued a judgment entry of sentencing on August 19, 2009.

### *Anders* **No-Merit Brief**

{¶10} On December 23 2009, Crockett's appointed appellate counsel filed a no-merit brief and motion to withdraw. An attorney appointed to represent an indigent criminal defendant may seek permission to withdraw if the attorney can show that there is no merit to the appeal. See, generally, *Anders,* 386 U.S. 738. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. *Toney*, 23 Ohio App.2d at 207. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. Id.

{¶11} In *Toney*, this Court established guidelines to be followed when counsel of record determines that an indigent's appeal is frivolous:

{¶12} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

{¶13} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

{¶14} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

{¶15} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment

of new counsel for the purposes of appeal should be denied.

{¶16} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.

{¶17} After reviewing the record in this case, Crockett's appointed counsel determined there were no non-frivolous issues to support an appeal, and thus filed a no-merit brief. Crockett has not assigned any errors pro-se. Thus, pursuant to *Toney*, we must now review the proceedings and determine whether this appeal wholly lacks merit.

### Resentencing

{¶18} Given that we last remanded this case solely for resentencing, the only possible issues in this appeal would relate to Crockett's sentence. Cf. *State v. Moore,* 7th Dist. No. 08 MA 20, 2009-Ohio-1505, at ¶13 (concluding that since we last remanded solely for resentencing pursuant to *Foster*, our review of the appellant's subsequent appeal was limited to issues within the appellant's most recent sentencing hearing). When reviewing a felony sentence, an appellate court first reviews the sentence to ensure that the sentencing court clearly and convincingly complied with the applicable laws. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶4. "A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute." *Moore* at ¶14, citing *Kalish* at ¶15.

{¶19} If this inquiry is satisfied, an appellate court then reviews the trial court's sentencing decision for abuse of discretion. *Kalish* at ¶17, 19-20. An abuse of discretion means more than an error of law or judgment; but rather implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶20} With regard to the first prong of the inquiry, Crockett's sentence is not clearly and convincingly contrary to law. Crockett was convicted of one count of aggravated murder, pursuant to R.C. 2903.01(A), together with a firearm specification pursuant to R.C. 2941.145. R.C. 2929.03 sets forth the prison terms for aggravated

murder. As applicable to this case, those terms are: life imprisonment without parole; life imprisonment with parole eligibility after serving 20 years of imprisonment; life imprisonment with parole eligibility after serving 25 full years of imprisonment; or life imprisonment with parole eligibility after serving 30 full years of imprisonment. See R.C. 2929.03(A)(1)(a)-(d). Here the trial court imposed a sentence of life imprisonment with eligibility for parole after 30 full years of imprisonment which is within the statutory range. A firearm specification pursuant to R.C. 2941.145 carries a three-year mandatory, consecutive prison term, which the trial court imposed in compliance with the statute.

{¶21} Crockett was afforded his allocution rights pursuant to Crim.R. 32(A)(1). The trial court asked Crockett if he had anything to say in mitigation of sentence, and Crockett declined to make a statement. Further, in accordance with this court's prior opinion in *Crockett I*, the trial court on remand did not impose post-release control.

{¶22} We first note that the trial court did not expressly state it had considered R.C. 2929.11 or R.C. 2929.12, during the resentencing hearing or in its sentencing entry. However, rote recitation of the purpose and principles of sentencing and the serious and recidivism factors is not required. Rather, "a silent record raises the rebuttable presumption that the sentencing court considered the statutory sentencing criteria." *State v. Ballard*, 7th Dist. No. 08 CO 13, 2009-Ohio-5472, at ¶71, citing *State v. James*, 7th Dist. No. 07 CO 47, 2009-Ohio-4392, ¶50. Only if the record affirmatively demonstrates that the trial court failed to consider the statutory factors or if the sentence is strikingly inconsistent with the applicable factors will a sentence be reversed on that basis. *James* at ¶50.

{¶23} Here we presume the trial court considered the relevant factors, because the court's comments during resentencing evince its consideration of the same. Specifically, the court discussed at length the seriousness of the crime, and discussed how the chosen sentence was commensurate with and not demeaning to the seriousness of Crockett's conduct and consistent with sentences imposed for Crockett's co-defendants. See R.C. 2929.11(B) and R.C. 2929.12(B). Further, the record demonstrates that the chosen sentence is not "strikingly inconsistent" with the applicable

factors.  That is, Crockett opened fire on the victim with an assault rifle as the victim sat in his truck on a city street near businesses.  Thus, Crockett's sentence is not contrary to law.

{¶24} Moving on to the second prong of the test, we conclude the trial court's overall sentencing decision was not an abuse of discretion.  As indicated, the trial court emphasized the serious and "horrid" nature of the crime, which involved gunning down the victim in the vicinity of a busy Youngstown street.  The court noted that in the aftermath of the crime bullets and shells were all over the street.  The court also noted its chosen sentence was consistent with that imposed on a co-defendant who played a similar role in the crime.  Specifically, the court noted that Lewis, the other shooter, received life imprisonment with parole eligibility after serving 30 years (along with the three-year gun specification), while Moore, the driver, received life imprisonment with parole eligibility after serving 20 years.  The trial court suggested that sentencing Crockett to life imprisonment with parole eligibility after serving 20 years, as requested by defense counsel on remand, would demean the seriousness of the crime. For these reasons, the trial court did not abuse its discretion in resentencing Crockett.

{¶25} In sum, there are no meritorious issues for appeal.  Consequently, Crockett's appeal is wholly frivolous.  Counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.